## Case No. 4,891.

### FLOWER v. PARKER et al.

[3 Mason, 247.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1823.

H. G. Otis, Jr., for plaintiff,

Morse & W. Sullivan, for defendants,

STORY, Circuit Justice. The whole of this case turn upon the question, whether the trustee process, upon which Tarbell and Eveleth obtained judgment against the goods, credits, and effects of the plaintiff in the hands of the defendants, is now a subsisting judgment, capable of being revived and enforced against the defendant; if so, it binds the property in his hands; if not, then the plaintiff has a right to recover. The question turns principally upon the true construction of the trustee act of this state (Act 1794, c. 65), sometimes called the "Foreign Attachment Act," and of the act of 1797 (chapter 50), regulating the issuings of executions on judgments, against defendants living out of the state. It is not necessary to go into a minute examination of the trustee act. It is sufficient to say, that it authorizes a writ or process to be issued against the debtors of persons, who are not inhabitants of the state, and in case of judgment against the principal and trustee, whether they appear or not, the act in express terms declares, "that the goods, effects, and credits of the principal in the hands and possession of his trustee, &c. at the time such writ was served upon him or them, shall stand bound and be held to satisfy such judgment as the plaintiff shall recover against the principal." The act further authorizes a trustee, having goods, effects, or credits of the principal in his possession, "to appear in his behalf and in his name, plead, pursue, and defend to final judgment and execution." In the present case neither the principal nor trustee appeared, and judgment passed against them both, by default.

That the judgment personally binds the plaintiff in this case. so that it can be revived, as conclusive against him, by a scire facias, or by action of debt, is more than I am prepared to admit, at the present moment. The judgments of no state courts can bind, conclusively, any persons who are not served with process, or amenable to their jurisdiction. No legislature can compel any persons, beyond its own territory, to become parties to any suits instituted in its domestic tribunals. If they voluntarily make themselves parties, that is quite a different business. But the principle seems universal, and is consonant with the general principles of justice, that the legislature of a state can bind no more than the persons and property within

its territorial jurisdiction. As to the plaintiff, I should have difficulties in allowing this judgment to possess any validity, whatsoever, binding him personally, or concluding any of his rights. But as to the defendant and the property attached in his hands, it is far otherwise. The judgment operated in rem, and created a lien, which the defendant had no authority to resist. Payment under that judgment would have been a good discharge to him from the debt, not merely in Massachusetts, but, upon principles of national comity, in any other place.

The question then arises, whether the lien, thus created by the judgment in rem, has been discharged, or extinguished. If that judgment can no longer be enforced; if it is de facto defunct and cannot be revived; if in short there is no remedy now existing, by which Tarbell and Eveleth can obtain any satisfaction under it from the defendant; then it must be considered as discharged, so far at least, as to revive the right of the plaintiff to assert his claim to payment of the debt, and to take from the defendants the trustee judgment, as a defence.

This brings me to the consideration of the act of 1797 (chapter 50). That act provides, that in cases of judgments obtained by default against defendants, who are absent, or are not inhabitants or residents within the state, "execution or writ of seisin shall be stayed and not issue forth, until the plaintiff or demandant shall have given bond with one or more sureties in double the value of the estate or sum recovered by such judgment to make restitution, and to refund and pay back such sum as shall be given in debt or damages, or so much as shall be recovered upon a suit therefor to be brought within one year next after entering up the first judgment, if upon such suit the judgment shall be reversed, annulled, or altered." No such bond was ever given by Tarbell and Eveleth, and consequently no execution ever issued on the judgment by default in the trustee process. If execution were now allowed to issue without giving bond, it would issue against the very terms of the act. If a bond were now given, it would be against the very spirit of the act, for such bond would be of no legal effect, as more than one year has elapsed since the first judgment was given, and it is only within that period that the plaintiff can bring a suit to reverse the first judgment. By the state laws (Act 1783, c. 57, § 1), if a party neglects for the space of one year, next after obtaining judgment, to take out execution, he is no longer entitled to it, but is put to his scire facias, and that scire facias must be served personally on the adverse party, or a copy left at his last and usual place of abode within the state, or if he was at no time an inhabitant or resident within the state, by leaving a copy with his tenant, agent, or attorney (Compare Act 1783, c. 57, with Act 1797, c. 50, § 3). It has been suggested that these provisions may be applied to the present case. But it is clear that they apply only to cases of judgments obtained by the ordinary process of our courts in suits at common law, where the adverse party is the original debtor, and not to the extraordinary process of the trustee act. The form of the scire facias contained in the act of 1784 (chapter 28) shows the true construction. The form of executions and the scire facias against trustees under the trustee process are specially prescribed by the act of 1794 (chapter 65). The sixth section of that act declares, that when any execution, issued under the act, (which embraces a capias against the principal, and a fieri facias against his goods and estate, as well as a seizure of the property in the possession of the trustee) shall be returned not fully satisfied, &c. &c. "the plaintiff may sue out against the trustees, &c. a scire facias in due form of law, requiring the defendants, in such writs of scire facias named, to show cause (if any they have), why judgment for the sums remaining unsatisfied should not be rendered against them." The scire facias is, by the very terms of the act, to issue only upon an execution returned unsatisfied. If no execution has issued, a scire facias is unprovided for. The present judgment then is in a posture, in which no execution can issue upon it, without a revivor, for more than a year has elapsed since the rendition of the judgment. No scire facias against the principal and trustees is provided for; and no scire facias, unless after execution issued, against the trustees. The judgment then so far as it respects the present defendant, as trustee, is in a state of legal suspension, and can be no longer enforced as a lien or demand against him.

It is suggested however that a process may be devised by analogy to a scire facias at the common law, by which the judgment may be revived. I know of no such process, nor of any authority in any of our courts to devise one for this purpose. The trustee process is an extraordinary and peculiar process, and not to be extended by implication. We may see from cases, like the present, the danger of attempting to give it effect against non-residents, at least beyond the boundaries (sufficiently large,) which the state laws have already prescribed. The state courts have confined their construction of the act to cases, substantially within its purview. In Patterson v. Patten, 15 Mass. 473, the court considered it a sufficient bar to a scire facias against a trustee, that no execution had been sued out on the judgment.

The cases of Perkins v. Parker. 1 Mass. 117,[2] and Wood v. Partridge, 11 Mass. 488, are distinguishable. In neither of them was the process against a non-resident principal; and it does not appear that judgment in those cases were not in such a state, that an execution or scire facias might issue against

[2] See, also, Stevens v. Gaylord, 11 Mass. 265.

the trustees. If the present question had been directly litigated in the state courts, I should, as a point of local law, bow to their decision, although it might not meet the entire approbation of my own judgment. As no such decision exists, my opinion is, that the lien by the judgment against the trustee is gone by the neglect of the plaintiff to give bonds and take out his execution in due season, to keep it in a state capable of revival. If hereafter it should be revived by any means devised by the ingenuity of the profession, my opinion is, that the recovery in the present suit will constitute a sufficient defence to protect the defendant from a second payment. Judgment for the plaintiff.