COLVIN *versus* RICH.

5sp175
f139 187

QUESTION IN THIS CAUSE.

*Upon the conclusiveness of a judgment in garnishment, againt the maker of a note, after notice of its transfer.*

1. The bearer of a promissory note, is not precluded from a recovery thereon, by evidence, that the maker has been garnisheed by a creditor of the payee, and a judgment recovered against him—it appearing that the maker received notice of the transfer of the note, before he answered on the garnishment.

This suit was instituted by Rich, in Montgomery Circuit Court, and was assumpsit, upon a promissory note. The note was executed by Colvin, and was made payable to B. B. Ginn, or bearer; and Colvin resisted a recovery against him, by pleading that he had been garnisheed in respect to the amount of this note; under which he had answered, and made payment thereto.

The bill of exceptions showed, that on the trial of the cause, the plaintiff proved, that he was in possession of the note *before the service of the garnishment*, and that he notified the defendant of the fact; but there was no proof, that the defendant had notice of the transfer of the note, *before the service of the process of garnishment.*

It was asked of the Court, in reference to these facts, to charge the jury, that if there was a subsisting judgment against the defendant in garnishment, rendered by a Court of competent jurisdiction—the same, while in force, and unreversed, operated as a

bar to this action.    But the Court held otherwise, and said, that, if the defendant, when he answered, knew that the note was the property of the plaintiff, he should have resisted a recovery in the process of garnishment.

And the defendant excepted.

Argued by *Mr. Goldthwaite*, for the plaintiff in error; and by *Mr. Dargan*, for the defendant.

HOPKINS, J.—Upon the trial of an issue, between these parties, in the Circuit Court of Montgomery County, in an action, brought by Rich, against Colvin, upon a note, made by the latter, to B. B. Ginn, or bearer, of which the defendant in error was the bearer, it was proved, that Rich was in the possession of the note, before the service of a garnishment upon the maker, as a debtor of Ginn, the payee. Notice of this fact was given by Rich to Colvin, after the service of the garnishment, but before his answer, as garnishee, was made; and, in the answer the fact was stated.

Upon the answer, a judgment was rendered against Colvin, for as much of the sum due on the note, as was equal to the demand against Ginn, in favor of his creditor, who had sued out the garnishment.

Upon this testimony the Circuit Court refused to instruct the jury, that the *judgment* rendered against the maker of the note was to the amount of it, a bar to this action; but, did instruct, that if he knew upon the trial of the case, of the garnishment, that the note was the property of Rich, he ought to have " resisted" the judgment.

The question for this Court to decide is, did the

COLVIN vs. RICH.

judgment against the garnishee rendered upon his answer, which stated that the note belonged to Rich, diminish his liability to the bearer upon the note and operate as an acquitance from it to the amount of the judgment?  That the payee's transfer of the note by delivery left no interest in him, and entitled the bearer to the entire and exclusive property in the note, are propositions clear and demonstrable.  After the transfer, the bearer had a right to an action in his own name against the maker.   In such an action the maker can make any defence, to which he acquired a right, after the transfer; and must be allowed, also, the benefit of all payments, discounts, and sets-off, to which he was entitled against the payee, before he had notice of the transfer.  If a judgment should be obtained against him, by the procedure of garnishment, in favor of a creditor of the payee, before he received notice of the transfer, the judgment would give him a right to a defence against the bearer, and to the same extent to which he would be entitled to it against the payee, if the note had never been transferred.

The effect of the judgment would be a payment *pro tanto*, of the note—and, being made before notice of the transfer, the statute law of the State would entitle the maker to the benefit of it, against the bearer.

But, should the maker of a note or bond, with the knowledge, before he made his answer upon a garnishment, that it had been transferred, acknowledge, in his answer, that he owed the debt to the payee or obligee, he would be as clearly and justly

3 v. P.                    23

liable to pay the whole amount to the assignee, as he would, after a voluntary payment, with such knowledge, to the payee or obligee himself.

The object of an attachment and a garnishment against a debtor of the defendant in attachment, is to obtain a tranfer, by a judgment, of the right of the defendant to what his debtor owes him; and such would be the effect of a judgment in favor of the plaintiff in such a case. But, if the right of the defendant had been transferred before the attachment issued, there would be nothing for the plaintiff in the attachment to acquire—certainly nothing which he ought to acquire, and, if the garnishee had notice of the transfer, before he makes his answer, the demand, by the attachment and garnishment of the debt, no more impairs his obligation to pay it to the assignee, than an application made by the payee, for payment, to the debtor, with such notice, would.

We do not think the judgment against the garnishee has any effect upon the right of the bearer of the note in this case. If the note had been transferred, after the judgment against the garnishee, the bearer would be bound by the judgment, because the right to the note was in the payee, who was a party to the cause, in which the judgment was rendered, that transferred to a creditor, a part of his interest.

In one of the cases, cited by the counsel for the plaintiff in error, it was decided, upon a bill filed by an executor, to compel the legatees to refund enough of the property, which he had distributed among them, to enable him to satisfy a decree, which had

COLVIN *vs.* RICH.

been made against him, as executor; that, in the absence of all proof of fraud, on the part of the executor, the decree was evidence of the justness of the demand.

An executor succeeds to all the rights of his testator, in personal property, which may be sold while in his hands, to satisfy any judgment rendered against him, in his character of executor; and such a judgment is conclusive proof, upon his bill against the legatees, that the amount of it was a debt due from the testator, unless fraud or collusion be shown, on the part of the executor, in permitting it to be rendered.[a]

[a] 4 Munf'd 219

The case cited from 1 Munf. Rep. 501, was an action against a sheriff, for an escape, and the Court determined, that a judgment in a previous suit, that had been prosecuted by the plaintiffs in the action, against the sheriff, was evidence against the sheriff, who was no party to the suit.

The previous suit was upon a prison bounds bond, which the sheriff had taken; and the judgment in the cause, was, that the bond was void, because it had not been properly taken. If the bond were void, the sheriff was liable for an escape. That the bond was void, had been determined by a competent Court, in an action by plaintiffs, who derived their claim to that action, from the act of the sheriff, in taking the bond. As the claim, which they derived from him, and prosecuted by his authority, was adjudged to be unfounded, they resorted to the remedy to which they were entitled, for the want of a binding prison bounds bond.

The judgment was testimony against the sheriff, on the same principle, upon which a judgment against an assignee of a note, in a suit against the maker, upon the ground, that the payee obtained it by fraud, would be evidence against the payee, in a subsequent action against him, by the assignee.

But, this principle has no application to the bearer of the note, in this case. His right to the note did not belong to any party to the cause, in which the judgment against the garnishee was rendered.— No party to that suit had acquired any interest in the note from him; and he had given no authority of any kind, to any of them, to assert the right he claimed to the note.

The only effect of the notice he gave to the maker, was to make his right against the maker perfect.

If the obligee of a bond, after he had assigned it, were to sue the obligor upon it, as a lost bond, and upon an issue taken to the plea of the obligor, that the bond was not the property of the plaintiff, but had been transferred by him to another, who still owned it, there should be a judgment for the obligee; we do not think, it would impair the right of the assignee to recover the amount of it, from the obligor.

That the right of an assignee is not affected by a judgment against a garnishee, rendered under the circumstances, in which that read as evidence, in this case was, has been decided by the Court of Appeals, of Kentucky.[a]

[a] Hard.Rep 160

A judgment against a garnishee, if it were one of

a Court of record, may be reversed in three years, if erroneous, after it has been rendered.

Could the Court recognise, as a principle, what is relied upon to sustain this defence, the operation of it would diminish the liability of a maker upon his note, and for error in the judgment against him, as garnishee, that might be reversed.

The judgment is affirmed.