Lamkin, adm'r *vs.* Phillips:

LAMKIN, adm'r, *vs.* PHILLIPS.

1. Courts of law have for a long period taken notice of the assignment of choses in action, and afford them every protection not inconsistent with the principles and proceedings of tribunals acting according to the course of the common law.

2. In these respects, they endeavor to apply, as far as may properly be done, the rules and doctrines recognized in Courts of Equity.

3. Debts due to a firm, may be assigned to either of the partners; and a note given to the assignee, for the amount due by a debtor of the firm, extinguishes his debt due the firm—therefore,

4. Where one gives a note, for a partnership demand, after dissolution, to the administrator of a deceased partner, who, in his life time, was duly authorised to settle the partnership accounts, and to whom they had been assigned—he extinguishes the debt before due by him to the firm: and if garnisheed, as a debtor of the surviving partner, his answer ought to be, that he is in no wise indebted to the surviving partner.

5. And if he answer otherwise, or if a liability be fixed on him, independent of his answer; the administrator of the deceased partner cannot be prejudiced by the erroneous judgment given in a case to which he is neither party or privy.

6. If the garnishee truly state the facts, no judgment ought to be rendered against him, as a debtor of the surviving partner; and if judgment be rendered against him, it may be successfully resisted by writ of error.

Lamkin, adm'r, *vs*. Phillips.

7. But if he omits to state the circumstances attending the extinguishment of the partnership account, by reason of giving his note to the administrator, the fault is his own ;—and he will not be entitled to relief against the administrator.

Error to the Circuit court of Lowndes.

Assumpsit on a promissory note, tried before *Pickens*, J.

The defence will appear in the statement below. A verdict was rendered for defendant, on which judgment was entered up.

The following was the cause of action :

"One day after date, I promise to pay James Hinkle, (administrator of the estate of George Clark, deceased,) or bearer, with interest from the first day of January last, the sum of sixty-five dollars, for value received.
1836.                    HENRY M. PHILLIPS."

Defendant proved that plaintiff's intestate, and one Henry Crocheron, had been partners in mercantile business. In January or February, eighteen hundred and thirty-six, the partnership was dissolved, and the plaintiff's intestate purchased of said Crocheron, the entire partnership property, together with all the book accounts, and other evidences of debt : and the same were duly transferred and delivered to plaintiff's intestate. In the month of June afterwards, plaintiff's intestate died possessed of all the effects. His then acting administrator, the payee of the note, took said note of defendant, in liquidation of a book account, made with the partners during their partnership—which had been assigned as aforesaid.

Defendant further proved, that in the month of May, eighteen hundred and thirty-seven, an attachment was

Lamkin, adm'r, *vs.* Phillips.

issued, at the instance of a creditor of the said partners, in consequence of the absconding of Crocheron, and defendant was thereupon garnisheed, and judgment upon the answer of defendant, was rendered against him in the County court of Lowndes county, for the amount of the note.

Upon this evidence, the court charged the jury, that if they believed the facts to exist as stated—it was a good défence, and their verdict should be for defendant. To this opinion, plaintiff excepted ; and the charge of the court was assigned for error.

*Cook*, for the plaintiff in error.

*Cook*, for the plaintiff in error.—The defendant in error was not indebted to the defendant in attachment, at the time he was garnisheed : long before that time the defendant in attachment had transferred his interest in the debt to plaintiff's intestate, and it had been liquidated by note to plaintiff. A garnishee must be a legal debtor of defendant in attachment—(Aik. Dig. 213.) The writ of garnishment is a legal remedy—not an equitable one. The creditor could not, of course, recover against a garnishee, against whom the defendant in attachment himself could not, in law or equity, maintain a suit. If the fund belonged to plaintiff in attachment at all, it could only have been reached in equity, making the plaintiff in error a party.

The remedy against the administrator of a deceased partner is in equity, but if the funds in his hands can be drawn out in this manner, the court of equity would be

Lamkin, adm'r, *vs.* Phillips.

ousted of all jurisdiction, and the administrator would be wholly unable to make that distribution of the assets which equity requires.

The garnishment was a legal proceeding upon the original judgment, against property and effects to satisfy the same, if an execution upon the judgment could not have been levied upon property in the administrator's hands: so, neither could debts have been condemned in his hands upon this process for that purpose—these modes being the same in principle. The administrator is not a party to the original attachment or judgment, and can not know whether it is a proper debt or not. He can not, in this summary proceeding, avail himself of the plea of insolvency, or *plene administravit.* The funds in the administrator's hands must be recovered by suit against him, and not through the medium of a suit against a surviving partner.

GOLDTHWAITE, J.—The judgment of the Circuit court was probably induced, by an impression, that the debt due from the defendant, to Crocheron & Clark, was incapable of being assigned to either one of the partners—and that, therefore, it was not extinguished, when he settled with, and gave his note to the administrator of Clark.

The judgment cannot be supported; because, by the assignment to Clark, he acquired the sole equitable interest in the account: this, at his death, became vested in his administrator, who was authorised to collect the money, and thus extinguish the debt; or to take a security, payable to himself, and thus vest the *legal,* as well

as the equitable interest in him, for the benefit of those interested in the estate of his intestate.    Courts of law have, for a long period, taken notice of the assignment of choses in action, and have afforded them every protection, not inconsistent with the principles and proceedings of tribunals, acting according to the course of the common law.    They endeavor, in these respects, to apply, as far as may properly be done, the rules and doctrines recognised in courts of Equity.—Welsh vs. Mandeville—(1 Wheat. 233 ;)  Andrews vs. Beecker—(1 Johns. Cases, 411 ;) M'Collum vs. Coxe—(1 Dall. 139 ;) Raymond vs. Squire—(11 Johns. 47 ;)  Wheeler  vs.  Wheeler—(9 Cowen, 34.)

It is true, that no action at law, could have been brought, either in the name of Clark, or of his administrator, for the account, but the entire *equitable* interest, passed by the assignment ; and he, in his life-time, was authorised to use the name of the firm, for its collection; and his administrator, in like manner, was entitled to sue in the name of the surviving partner, for the benefit of his intestate's estate, on giving an indemnity for cost, if required.    Suit on the account, was unnecessary, as the defendant gave his note to the administrator ; and thus extinguished, in November, eighteen hundred and thirty-six, the debt before due to the firm.

When the defendant was subsequently garnisheed, in May, eighteen hundred and thirty-seven, as a debtor of Cocheron, the surviving partner, he was in no wise indebted to him, and was authorised, from the facts, so to answer.    If, however, he answered otherwise ; or, if a liability was fixed on him, independent of his answer,

Lamkin, adm'r, *vs.* Phillips.

the plaintiff to this action ought not to be prejudiced, by an erroneous judgment, given in a cause, to which he was neither party or privy.

In the case of Colvin vs. Rich—(3 Porter, 175,) this court determined, that the maker of a note, who was summoned as a garnishee of the *payee,* and who received notice of the assignment, before answer, was not protected, in a suit against him, (by the *assignee,*) by the payment of a judgment, rendered against him, as such garnishee. The garnishee, in that case, stated the fact of assignment and notice—consequently the judgment against him was irregular, and ought to have been contested. So, in the present case, if the defendant to the action truly stated the facts, no judgment ought to have been rendered against him, as a debtor of Crocheron, the surviving partner: and he could have successfully resisted the same, by writ of error. On the other hand, if he omitted to state the circumstances attending the extinguishment of the account, by reason of giving his note to the administrator of Clark, the fault was his own, and he would be entitled to no relief against the plaintiff.

Let the judgment be reversed, and the cause remanded.