FOSTER *VS.* WHITE.

1. The answer of a garnishee cannot operate so as to affect the right of other persons, by the fiction of filing it at July term, and endorsing on it, that it is to be considered as if filed six months before.   The answer must be considered as filed at the time it was in fact filed.

2. It is a duty imperative on a garnishee, before final judgment, to make known that he has received notice of a transfer of the notes, which are the evidence of his indebtedness to the defendant.

3. And, in such case, judgment cannot be rendered against the garnishee.

Error to the County court of Tuscaloosa.

Attachment.—This proceeding was garnishment, sued out by the plaintiff in error, against the defendant in error, in the court below, calling on the defendant to disclose whether he was not indebted to one Joseph B. Rice, against whom the plaintiff had obtained a judgment.

The defendant appeared, and filed his answer, on oath, as follows:

"Garnishee answers, that he purchased a stock of goods of Joseph B. Rice, about the 12th day of October, 1837, at the price of $8654 00, for which garnishee gave said Rice several promissory notes—one for $1000, payable on the first day of January, 1838—the precise number and amounts of the remainder of said notes, garnishee does not remember. They were for different amounts.   All the notes, except the thousand dollar note aforesaid, were drawn negotiable and payable at the

Foster *vs.* White.

Bank of the State of Alabama, at Tuscaloosa, and were to fall due on the 12th day of October, 1838, or thereabouts.

"Garnishee further answers, that he received a notice in writing, from Joseph B. Rice, dated 23d December, 1837, informing him that said Rice had transferred the notes aforesaid, to his creditors, in lieu of his own debts, which notice was received by garnishee, before service of the writ of garnishment. Said notice did not state to what particular person or persons these notes had been transferred.

"Garnishee further states, that previous to this answer, and before service of garnishment, he received notice from one Robert Cook, that the note above mentioned, for $1000, due 1st January, 1838, had been transferred to him. The note was paid by garnishee, and taken up before service of garnishment, as well as he can recollect. Garnishee further states, that he received no notice of the remainder of the notes aforesaid having been transferred, except as above stated, from Rice to himself, before the service of the garnishment, or before the 30th January, 1838, the day and time at which this answer is taken, and considered as made and filed. On the 1st June, 1838, garnishee was shewn a receipt, signed by Austin Richardson, and dated Washington county, Alabama, 20th March, 1838, by which it appeared, that the several notes given by garnishee to Joseph B. Rice, had been endorsed to one Thomas W. Richardson, on the 20th December, 1837, by Rice. Garnishee was informed by the receipt, that the notes were held by said Austin Richardson for collection, or to be deposited in the

Bank at Tuscaloosa by him. Garnishee did not see the notes, but was informed they would be in bank at maturity, and were then in said Austin's possession.

"Garnishee further states, that said Joseph B. Rice was indebted to him previous to the service of the garnishment, in the sum of $199 87, and is still so indebted, which he claims to set-off, if he should be considered indebted to said Rice. Garnishee knows of no property of said Rice, in the hands of any other person—nor does he know of any person who is indebted to said Rice; and having fully answered, prays to be dismissed, &c.

"Sworn to and subscribed, *nunc pro tunc,* as of the January term, 1838, in open court, this 21st July, 1838."

Upon this answer, the plaintiff moved the court for judgment against the garnishee; which motion the court refused, and discharged the defendant with costs.

From this judgment, the plaintiff prosecutes a writ of error to this court, and assigns for error, the refusal of the court to render judgment against the garnishee, on his answer.

*Phelan,* for plaintiff in error.
*Crabb,* contra.

ORMOND, J.—We cannot perceive on what principle the judgment of the court can be successfully assailed. The defendant states, in his answer, that he has received notice of the transfer of the notes made by him to Rice, which notice was given by Rice before service of the garnishment, but without informing him to whom the notes were transferred, further than that they were

transferred to his creditors. That since then, and before the filing of the answer, he had received particular notice to whom the notes were transferred. The answer is made on the twenty-first July, eighteen hundred and thirty-eight, and has an endorsement, stating that it is filed as to the January term, *nunc pro tunc.*

The answer cannot operate so as to affect the rights of other persons, by the fiction of filing it in fact at the July term, and endorsing on it, that it is to be considered as if filed six months before. It must be considered as filed at the time it was in fact filed, and if the defendant had not then disclosed the notice he had received of the transfer of the notes, a judgment against him, as garnishee, would not have protected him against a recovery on the notes—(See Colvin vs. Rich, 3 Porter, 175, where this point is expressly decided.) It was not only his privilege, but it was a duty imperative on him, at any time before final judgment, to make known that he had received notice of the transfer of the notes.

It is not necessary, in this case, to consider the question, whether any notice is necessary to protect the interest of the holder of a note, made negotiable and payable at bank, from the effect of a garnishment against the maker, as notice was, in point of fact, given.

The judgment of the court below is affirmed.