## JOHNS & COLE v. FIELD.

1. A garnishee cannot plead in bar of a recovery, in a suit brought against him by the assignee of a promissory note, that judgment *nisi* has been rendered against him as the debtor of the payee, and that he has paid the same—there not appearing to have been any *sci. fa.* issued, or served on him, nor any final judgment against him.

Error to the Circuit Court of Barbour.

This was an action of assumpsit, brought by George Field against Johns & Cole, as makers of a promissory note for one thousand dollars, payable to one Abram K. Allison, by whom it was endorsed to said Field. The declaration was in the usual form, by the endorsee against the makers.

The defendants filed several pleas, only one of which requires any notice. That plea (being the 5th) sets forth, in substance, that Hart & Bosworth, at July term of the county court of said county, in 1839, in their certain action, in said court, recovered judgment against said Allison, the payee of the promissory note sued on in this case, for $931, besides costs, which judgment is still in force, &c.—that, afterwards, before the institution of this suit, and before the defendants (below) or either of them had notice of the assignment of said note, one of the defendants, Johns, was garnisheed before said county court, in said cause of Hart & Bosworth against Allison ; that said matter of garnishment was transferred to the circuit court of said county ; that afterwards, before the commencement of this suit, and before either of said defendants had notice of said endorsement of said note, judgment *nisi* was rendered against said defendant Johns, for the said sum of $931, on account of his supposed indebtedness to said Allison, the payee of said note—which judgment *nisi* is still in force, &c.—and that afterwards, before the commencement of this suit, and before said defendants or either of them had notice of said endorsement of said note, the said defendant Johns paid off to said Hart & Bosworth, and wholly satisfied said judgment *nisi* for said sum of $931.

This plea was demurred to by the plaintiff, and issue taken on the others. The court sustained the demurrer to said 5th plea— there was a verdict for the plaintiff on the issues joined on the others, and judgment rendered thereon.

To reverse that judgment this writ of error is prosecuted, and the only assignment of error is, that the court erred in sustaining the demurrer.

BUFORD, for plaintiff in error.
BELSER & WILEY, contra.

CLAY, J.—The question presented by this record is, whether the judgment nisi, set forth in the 5th plea, and the payment of the money under it, constitute a good bar to the plaintiff's action, as endorsee? It cannot be pretended that this judgment was con- clusive; that any action could have been sustained upon it against the garnishee; or that any execution could have issued under it, against him. The course of proceeding required by our statute, in such cases, when the garnishee, summoned in any case fails to appear, is for the court "to enter a conditional judgment against him, upon which a scire facias shall issue against such garnishee, returnable to the next term of the court, to show cause why final judgment should not be entered against him; and upon such scire facias being duly executed and returned, if such garnishee shall fail to appear, according to the mandate thereof, and discover on oath in manner aforesaid, the court shall confirm said judgment, and award execution for the plaintiff's whole judgment and costs." [See Aik. Dig. 42, § 20.]

The defendant in the present case pleads that judgment nisi was rendered against him, at the suit of Hart & Bosworth, at the spring term of the circuit court, 1840, but he does not aver that any further proceedings thereon were ever had; either that the scire facias, required by law, was ever issued, or served on him, or that any final judgment was ever rendered against him—al- though the present action was not commenced against him till af- terwards, and, as the declaration was not filed till September term, 1840, he probably did not file his said plea (at all events the case could not have been tried) till the spring term, 1841. If scire facias had properly issued against the defendant as gar- nishee, at the suit of Hart & Bosworth, it should have been re-

turnable at the fall term, 1840—and, if not issued before that time, the proceedings in garnishment were discontinued. The writ in the present case, was served on one of the defendants on the 8th of August, preceding the return day of the *scire facias;* and, consequently, they had notice of the assignment of their promissory note before they could have answered, and before any final judgment could have been rendered against them.

In the case of Colvin v. Rich, [3 Porter, 175,] this court held, that " should the maker of a note, or bond, *with the knowledge, before he made his answer upon a garnishment, that it had been transferred,* acknowledge in his answer, that he owed the debt to the payee, or obligee, he would be as clearly and justly liable to pay the whole amount to the assignee, as he would, after a voluntary payment, with such knowledge, to the payee, or obligor himself."

In the case of Foster v. White, [9 Porter, 224,] the case of Colvin v. Rich was referred to and recognized, and the court said : " It was not only his (the garnishee's) privilege, *but it was a duty imperative on him, at any time before final judgment,* to make known that he had received notice of the transfer of the notes."

The statute protects the rights of the assignee, at least, until the garnishee answers—and, at any time before such answer, he may give notice of the assignment to the maker of the note, and secure himself against the claim of his assignee's creditor. The assignee in such cases has no notice, and is usually absent ; and his rights should not be affected by extending the terms of the act, by construction.

These views lead us to the conclusion, that the 5th plea, relied on by the defendants in the court below, was insufficient, and that the demurrer thereto was rightfully sustained.

Judgment affirmed.

ORMOND, J.—(*Dissenting opinion.*) It appears to me that the statute which requires a *scire facias* to issue to the garnishee, after a judgment *nisi* against him, is intended entirely for his benefit, and if so he may certainly waive it, and pay the debt to the plaintiff in attachment, not having received notice that the debt has been transferred to another, and should not be compelled to retain it in his hands, bearing interest, for the purpose, as supposed by the majority of the court, of protecting the right of some un-

known assignee. Indeed, if there had 'been no judgment *nisi* against him, the payment to the 'plaintiff in attachment would operate as a transfer of the debt of the plaintiff, and extinguishment of the debt he owed the defendant in attachment, and his condition certainly cannot be worse in consequence of the conditional judgment against him.