## DORE v. DAWSON.

1. When a debt due by promissory note is attached by garnishee process, the service creates a lien upon the debt, which cannot be defeated by a subsequent *bona fide* transfer by the payee of the note to a third person, notwithstanding the entire ignorance of the assignee of the process or its service.

WRIT of error to the County Court of Mobile county.

Dore, in March, 1841, obtained judgment in the county court of Mobile county against Purvis & Andrews. Upon this, he sued out garnishee process on the 11th March, 1843, against Hannah Gibson, Ira P Taylor and William Taylor, returnable to the then next June term. This process was served on all the garnishees the 13th March. The garnishees did not appear at the return of the process, and judgment *ni. si.* was then given against them. After service of *sci. fa.*, Ira P. and William Taylor appeared and answered, that in the month of February, 1843, they executed their joint note to Purvis & Andrews or order for 1260 dollars, or thereabouts, payable 1st January, 1844; that they had been informed and believed that the note had been transferred by Purvis & Andrews to one Dawson, having been notified by him of the fact; but when the note was transferred, or for what consideration, they were ignorant. After this answer, the court ordered notice to be given to Wm. Dawson to appear and maintain his claim to the note. Upon his appearance, a statement of facts was agreed upon, and submitted to the court for its judgment. The statement is this: Ira P. Taylor and the other garnishees, on the 21st February, 1843, made their joint note for 1274 76-100 dollars, payable the 1st of February next thereafter, to Purvis & Andrews or order. Purvis & Andrews were indebted to Dawson in the sum of 4,000 dollars, and had been for more than two years; when they, in April, 1843, transferred and assigned this note, *bona fide* and absolutely, to him, in part payment of his demand, without notice of the garnishment or of any other defence to the note. The county court rendered a judgment discharging the garnishees; and this is now assigned as error by Dore.

DARGAN, for plaintiff in error.
GIBBONS, *contra*.

GOLDTHWAITE, J.—The right of the creditor in this case, seems to us to be very clear. The garnishee process was served on the 13th March, 1843; at which time Purvis & Andrews were the owners as well as the payees of the note. The service of the garnishment upon the debtor operated as a lien upon the debt, which could not be affected by any subsequent assignment. In giving effect to the law of attachment, there is no

difference between debts and personal chattels; and a lien once obtained by service, cannot be discharged by the act of the debtor. It appears that the assignment to Dawson was not made until the month after the debt was attached.

This being the case, he is without any valid title to the note, as the capacity of Purvis and Andrews to assign it had been destroyed by the service of the garnishee process.

Judgment reversed, and remanded.