## SMOOT & KETCHUM *vs.* ESLAVA, USE &c.

1. When two joint makers of a note are garnisheed as the debtors of the payee, and answer admitting their indebtedness, if neither of them discloses the fact that they have been notified of the transfer of the note, a payment of the judgment rendered against them on their answer will not discharge them from liability to the real owner; but if one discloses this fact in his answer, and the transferree is thereupon notified, and fails to appear and assert his rights, he is estopped from setting up any claim against the garnishees.

2. A general objection to evidence of which a part is legal may be overruled.

3. In a contest between garnishees, who have paid a judgment rendered against them, and one claiming by a transfer from the debtor, of which they were notified before they answered, evidence that they paid the money to the clerk in court, who immediately paid it back to one of them as the attorney of the plaintiffs in the judgment, is irrelevant.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE plaintiffs in error were garnisheed at the suit of Burke & Co. v. Eslava and others, and answered that they had given certain promissory notes to Eslava, which are particularly described in the answers. Ketchum also answered, that he had been notified that the notes which he referred to in his answers had been transferred to Roberts, the defendant in error. The plaintiffs in the judgments upon which the garnishments issued, contested the right of Roberts to the notes as transferree, and thereupon a notice was issued calling upon him to appear and contest with the plaintiffs in such judgment his right to the notes. This notice was executed, and more than five days afterwards, Roberts having failed to appear at the court to which the notice was returnable, such court rendered judgment, that Roberts be barred from setting up any claim to the notes, and against the garnishees for the amount specified in their answers to be condemned in their hands to the satisfaction, *pro tanto,* of the judgments upon which they were garnisheed.

The record further shows, that the day after the service of the garnishment, the garnishees were sued before a justice of the peace by the defendant in error, upon one of the notes de-

scribed in their answers as garnishees, and that subsequently, and before the filing of such answers, judgment had been rendered against them on the note by the justice. The defendants in this judgment removed the proceedings into the City Court by *certiorari*, and there pleaded to the statement filed against them the garnishment, proceedings and judgment thereon, and that they had paid the judgment so rendered against them as garnishees. On the trial the plaintiffs offered in evidence the note sued on, and other testimony tending to show, that the note sued on had been transferred by Eslava to Roberts, before the service of the garnishments, in payment of a *bona fide* debt, that both of the defendants had been informed of the transfer, and that Smoot knew that Roberts was the owner of the note sued on at the time he answered. The defendants objected to the whole of this evidence as irrelevant, and the objection was overruled.

The plaintiff then proved, that the garnishments were sued out by Smoot, acting as the agent of the judgment creditor; that on the day on which the judgment was rendered condemning the money in the hands of the garnishees, it was paid by them to the clerk of the court, and by him paid back to Smoot as the attorney of the plaintiffs in whose favor it had been condemned. The defendants objected to each portion of this evidence, and the objection was overruled, and judgment rendered in favor of the plaintiffs.

The rulings of the court are here assigned for error.

John T. Taylor, for plaintiffs in error.

C. W. Rapier, *contra*.

GOLDTHWAITE, J.—It has repeatedly been held by this court, that a payment by a garnishee of a judgment rendered against him as such, will protect him against a suit upon the original claim.—Duncan v. Ware, 5 S. & P. 119; Cook v. Field, 3 Ala. 53; Mills v. Stewart, 12 *ib*. 90. In the present case, however, the object was to take the case out of this rule, by showing that one of the garnishees did not, in his answer, disclose the fact that the note in which he was indebted had been transferred to the person who afterwards sued upon it, such fact being within his knowledge at the time he answered. Un-

questionably, if neither of the answers had shown that Roberts claimed an interest in the note, and he not had an opportunity of asserting his right thereto, the garnishees, if advised of the transfer at the time of their answer, would not have been discharged from their liability to the real owner by the payment of the judgment rendered against them.—Rich v. Colvin, 3 Por. 224 ; Foster v. White, 9 ib. 221.

But in the present case, the answer of Ketchum shows that Roberts claimed an interest in the debt, and as he was duly and legally notified that his right as transferree would be contested, he had the oppportunity of asserting that right; of this he did not avail himself, and his failure to appear, when taken in connection with the judgment rendered by the court, estops him from setting up any claim for the note against the garnishees who were parties to the same proceeding.

It is obvious from what we have said, that the evidence on the part of the plaintiffs below, showing that Roberts was the *bona fide* transferree of the note in question, as well as that which tended to prove that Smoot knew that such was the fact, at the time of his answer, was irrelevant. As, however, the record shows that this evidence was offered in connection with the note sued on, which was legal testimony, and the objection was taken to the whole evidence, without distinguishing between the legal and illegal, it was not error in the court to overrule it.—Murrah v. The Bank, 20 Ala. 392.

But in relation to the evidence which proved, that, after the garnishees had paid the amount of the judgment to the clerk of the court in which it was rendered, he immediately paid it back to one of them, as the attorney of the plaintiffs in the judgment, it was irrelevant; and as the objection to this testimony was properly taken, it should have been sustained by the court.

For this error the judgment is reversed, and the cause remanded.