## KIMBROUGH *vs.* DAVIS & RAND.

[ACTION ON PROMISSORY NOTE BY ASSIGNEE AGAINST MAKER.]

1. *When judgment on garnishment, with satisfaction thereof, constitutes defense to action by assignee of note.*—If the maker of a note, when garnisheed as the debtor of the payee, admits an indebtedness in his answer of less than the actual

amount due, and fails to state the fact that an action is pending against him by an assignee of the note, and suffers judgment to be rendered against him on his answer, when he could · have successfully defended himself on account of the laches of the attaching creditor,—the payment and satisfaction of this judgment do not constitute a defense to the action on the note by the assignee.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. NAT. COOK.

THIS action was brought by William A. Kimbrough, against John W. Davis and Walter R. Rand; was founded on the defendants' promissory note for $500, dated 1st June, 1855, payable on the 1st March, 1857, with interest from date, to B. R. Thomas or bearer, and endorsed by said Thomas to plaintiff; and was commenced on the 10th March, 1857. The defendants pleaded, in short by consent, 1st, *non assumpsit;* 2d, payment; 3d, the rendition of several judgments against the defendant Rand, as the debtor of said Thomas, under garnishments issued by creditors of said Thomas, and the satisfaction thereof under execution. The plaintiff took issue on the first and second pleas, and replied to the third—" 1st, the general replication;" 2d, "that before the rendition of said judgments against said Rand as garnishee, as set forth in said plea, to-wit, on the 10th day of March, 1857, he (said Rand) had notice that the plaintiff in this suit was the assignee of said note, and claimed the same, and yet failed and neglected, before the rendition of said judgments, to answer (?) in either of said garnishment suits the notice so received and had by him;" and, 3d, "that the judgments described in said plea were rendered after the commencement of this suit, and after the service of the writ in this case on said Rand, and that no answer or suggestion of that fact was made by said Rand in said garnishment suits before the rendition of said judgments;" and on these replications issue was joined.

On the trial, the plaintiff read in evidence the note declared on, and the defendants then read a transcript of all the proceedings had in the several garnishment suits referred to in the third plea. The opinion of the court

contains a full statement of all the proceedings in those suits, as shown by the transcript; and it is therefore unnecessary to repeat them here. "This being all the evidence in the cause," the court charged the jury as follows:

"1. That if they believed from the evidence that, after the making of the note sued on, and while it was in the hands of the payee, the defendant Rand was garnisheed as the debtor of the payee, and answered [to] the indebtedness here sued on, and that a judgment was rendered against him thereon, which he had paid,—this would be a full defense in this suit, although they might further believe from the evidence that, before the answer of the garnishee, and before the rendition of judgment against him, he was notified by the plaintiff that he was the owner of the note and claimed it from him, and although he failed to disclose this notice in his answer.

"2. That they were authorized to infer, in the absence of evidence to the contrary, that the note was in the hands of the payee at the time of the service of the writs of garnishment, from the fact that the note was payable to him."

The plaintiff excepted to each of these charges, and then requested the following written charges:

"1. That the jury, if they believed all the evidence, must find for the plaintiff.

"2. That if they believed from the evidence that, on the 10th March, 1857, before the rendition of the judgments against said Rand as garnishee, he had notice that the plaintiff was the owner of, and claimed the said note, and failed and neglected, before the rendition of said judgments, to answer in either of said garnishment suits the notice so received by him,—then, the said judgments with the payments thereof by him, do not constitute any defense to this suit.

"3. That if they believed from the evidence that the judgments against said Rand as garnishee were rendered after the commencement of this suit, and after the service of the writ in this case on said Rand, and that no answer or suggestion of that fact was made by said Rand in said

38

garnishment suits before the rendition of said judgments, —then, the rendition of said judgments, and the payment of them by the garnishee, do not constitute a good defense to this action."

The court refused each of these charges, and the plaintiff excepted; and he now assigns as error the charges given by the court, the refusal of the charges asked, and the judgment rendered by the court.

D. W. BAINE, for the appellant.

WATTS, JUDGE & JACKSON, contra.

R. W. WALKER, J.—This record is so confused that it is difficult to understand it. We think, however, that the following statement embodies all the material facts of the case:

On the 1st June, 1855, the appellee, Davis, purchased of B. R. Thomas a tavern and livery-stable, and gave him in payment three promissory notes of that date, executed by himself and his co-appellee, Rand; one for $700, due the 1st March, 1856; one for $500, due the 1st March, 1857; and one for $500, due the 1st March, 1858. At the fall term, 1855, of the circuit court for Wilcox county, the appellee Rand was garnisheed in three cases, by judgment creditors of Thomas, to answer what he was indebted to the latter. Hamner was the plaintiff in two, and O'Riley in one of these cases. Rand answered the garnishments, either at the fall term, 1855, or at the spring term, 1856,—it seems uncertain which; and it appears from the entries on the minutes, and from his amended answer subsequently filed, that by his original answer he admitted an indebtedness to Thomas in the sum of $700; and his amended answer shows that the acknowledgment of indebtedness in the original answer had reference to the note for $700, due 1st March, 1856. No objection or exception was made to this answer by either of the attaching creditors. No judgment was then rendered against the garnishee; but afterwards imperfect judgments nunc pro tunc, as of the fall term, 1855, were entered against him, purporting to be founded on his answer made at

that term, admitting an indebtedness of $700. It is impossible to ascertain with certainty from the record at what term these judgments were entered. In the transcript, they appear under the date of "October 17th, 1858." But this is evidently a mistake, as the trial on which they were offered in evidence took place in April, 1858. The description of these judgments contained in the sheriff's receipt, (showing the payment of them by the garnishee,) which is set out in the bill of exceptions, leads us to conclude that they were in fact rendered on the 15th April, 1857, for that is the date assigned to them in this receipt. The receipt is dated October 16th, 1857, and shows that the aggregate amount of the three judgments in favor of Hamner and O'Riley, with interest to that date, and costs and commissions, was $464 37; and that on that day they were paid off by the garnishee, Rand. The executions which were issued on the defective judgments referred to, were quashed on motion; but *when* this was done, whether before or after the payment by the garnishee, the record does not inform us.

On the 10th March, 1857, the appellant, to whom Thomas, the payee, had endorsed the note for $500, due 1st March, 1857, brought suit on it against Davis and Rand. After this suit was brought, and after the garnishee, Rand, had paid off the imperfect judgments rendered against him, (as we suppose,) in April, 1857, which, as already stated, were founded upon his original answer, admitting an indebtedness to Thomas of $700, meaning thereby the $700 due upon the note for that amount maturing 1st March, 1856; the garnishee, on the 15th April, 1858, appeared and filed an amended answer, in which, after stating his purchase from Thomas in June, 1855, and the execution of the three notes already described, he proceeds to state that, when he made his original answer, "he answered that he was indebted to B. R. Thomas in the sum of $700, and he believed at that time that he would not be liable on the other two notes, until the title was made by Thomas; and that in his answer he had reference to the note for $700." He further states, that "he had been informed by Hamner, a

short time before he made his answer, that he held the note for $700, and that said Hamner knew that deponent intended to answer an indebtedness of $700, and that he had reference to the $700 note. And this deponent further states, that he (Hamner) called upon deponent after the maturity of said note, and deponent paid the same, and also the costs in the suit of garnishment. And this deponent believes, and has been so informed, that Thomas held both of the last mentioned notes at the time the summons of garnishment was served upon deponent." No suggestion was made by the garnishee that suit had been brought on this note by appellant, or that any notice had ever been given him that the appellant claimed the debt. On this answer, and on the day it was filed, and at the same term when the trial of the present suit took place, judgments *nunc pro tunc*, as of the fall term, 1855, were rendered in favor of Hamner and O'Riley against the garnishee, the aggregate amount of the same being about $666. On the trial of the suit of the appellant against Davis and Rand, the defendant relied on these judgments against the garnishee, and the payment by the latter, as a defense to the action. The only proof of payment was that furnished by the sheriff's receipt of Oct. 17th, 1857, before referred to.

It will thus be seen that the original answer of the garnishee, acknowledging an indebtedness of $700, had reference only to the first of the three notes before mentioned; that this answer was not excepted to by the attaching creditors, but that, on the contrary, they had judgments in their favor, founded on it, entered up against the garnishee; and that, although the executions issued on these judgments were quashed, because the latter were informal and imperfect, yet the garnishee in fact paid off the judgments after the present suit was instituted by the appellant, and six months before he filed his amended answer. At the time these payments were made, the only judgments in existence against the garnishee were the informal ones subjecting the note for $700. Moreover, for aught that appears in the record, the amended answer filed at the April term, 1858, was the voluntary

Kimbrough v. Davis & Rand.

act of the garnishee, without suggestion or motion from the attaching creditors. It may be doubted whether there was in fact, at that time, any case in court against the garnishee. At all events, it is clear that he could have protected himself against a judgment in favor of the attaching creditors, subjecting in his hands anything except the debt for $700; for, by their *laches*, he was discharged, as to them, of all but that note.—See Code, § 2546; Mock v. King, 15 Ala. 66; Goodwin v. Brooks, 6 Ala. 836; Leigh v. Smith, 5 Ala. 583.

He thus permits a judgment to be rendered against him, when it is obvious that he could have prevented it; and although the suit of the appellant was then proceeding in the same court, he wholly fails to suggest that fact to the court. The garnishee, by his amended answer, admitted his indebtedness upon the two notes for $500 each. It appears from the evidence that the note assigned to appellant bore interest from 1st June, 1855, so that at the time the last judgments *nunc pro tunc* were rendered, the amount due on it was over $600. The entire amount paid by the garnishee to the sheriff, on the judgments in favor of Hamner and O'Riley, as shown by the evidence, was only $464 37. And, in any aspect of the case, it is clear that the garnishee is entitled to protection only to the extent of the payment actually made by him. An *unsatisfied* judgment, in favor of an attaching creditor, against a garnishee, is no defense to a suit brought by an assignee against the garnishee.—Cook v. Field, 3 Ala. 53.

If, at any time prior to judgment against a garnishee, he becomes aware of an assignment of his debt made before the garnishment, it is his duty to bring the fact to the attention of the court, in order that the assignee may be cited to substantiate his claim; and if the garnishee fails to inform the court of the alleged assignment, he cannot, if the debt had been in fact effectually assigned before the garnishment, avail himself of the payment of the judgment rendered against him as garnishee, in defense of an action brought by the assignee.—Colvin v. Rich, 3 Por. 175; Foster v. White, 9 Porter, 224; Johns v. Field, 5 Ala. 484; Crayton v. Clark, 11 Ala. 787; Stub-

blefield v. Haggerty, 1 Ala. 38; Dore v. Dawson, 6 Ala. 712; Smoot v. Eslava, 23 Ala. 659; Drake on Attachments, §§ 575, 576, 717, 608.

But, in a suit by the assignee of a note, against a garnishee, who received notice of the assignment before final judgment in favor of the attaching creditor was rendered against him, but who failed to bring that fact to the attention of the court, is the *onus* of proof on the assignee to show that the note was in fact assigned to him before the service of the garnishment? In the case of Camp v. Halter, 11 Ala. 151, it was held, that where the assignee of a note is cited to come in and contest with the plaintiff in attachment, it is incumbent on him to aver and prove that he was the owner of the note *before* the service of the garnishment.—See Brooks [v. Hildreth, 22 Ala. 469. Whether the rule which is here held to govern in a contest between the creditor and the transferree equally applies in a suit by the endorsee against the maker, we need not now determine. For, whatever may be the decision of this question, we think that, under all the circumstances disclosed by this record, the judgments *nunc pro tunc* rendered against the garnishee, with the proof of payment, to the extent, and in the manner shown by the bill of exceptions, did not constitute a defense to the suit; but, on the contrary, that upon the evidence before the jury, (all of which is set out,) the plaintiff was entitled to recover the full amount of the note in suit. Drake on Attachments, §§ 711, 715, 630, 588; Welter v. Rucker, 1 Brod. & Bing. 490; Mills v. Stuart, 12 Ala. 90, 97; Johns v. Field, 5 Ala. 484; Seward v. Heflin, 20 Ver. 144; Myers v. Urich, 1 Binney, 25; Flower v. Parker, 3 Mason, 247.

Judgment reversed, and cause remanded.