Wright, J.,
delivered the opinion of the Court.
The facts upon which the decision of this cause rests are these: the defendant in error, E. C. Allen, held a note upon Conner, the plaintiff in error, for $ 1080, due the 1st of March, 1857. On the 2d of January, in that year — this note being endorsed in blank by Allen, the payee — was discounted by the LawrenceburgBank of Tennessee, and the proceeds, $>1017.79, paid to Allen, who from thence ceased to be the owner of the note. On the 26th of February, T. C. Ramsey, the Clerk and Teller of the Bank, by letter, in the name of William Si-monton, its Cashier, notified Conner that the Bank held the note, and that it would be due the 14th of March, afterwards. This letter was received and answered by him, by another, addressed to Simonton, of date the 3d of March, 1857, in which he promised that his note should be paid soon. It was not paid, and at maturity was dishonored. Between that time and the 27th of June, Simonton addressed various letters to Conner, to Maury county, where he resided, urging the payment of the note, to which he made answer promising to make-payment so soon as he could raise the money. Two of Conner’s letters to this effect bear date, the one the 6th of May, and the other the 27th of June. It is, also, probable- that *420 during this period Simonton had a personal interview with him, in order to collect the note. In August, Simonton again withdrew the note from the Bank for the purpose of suing Conner and effecting a settlement, and placed it in the hands of Allen as the agent of the Bank — that he might go to Mau-ry county, see Conner, and get the money upon it. He left it with H. A. Miller, a Justice of the Peace of that county, in the hope that Conner would pay it by a day named — with instructions that if he did not, the note was to be restored to the Bank. Conner having failed to pay it, Miller, in a letter dated the 18th of August, returned it to Allen, who restored it to the Bank ; and Simonton, its Cashier, on the next day, in a letter dated the 19th of August, enclosed it to Miller, with instructions to get Conner to divide it, confess judgments, and stay them, and requesting him, when the judgments were obtained, to send him a memorandum of them, and by whom stayed. Conner, accordingly, on the 29th of August, divided the note, executing three in its stead, for $353.75 each, upon which he confessed three several judgments before said Miller, amounting in the aggregate to $1061.25, and stayed the same by Martin L. Stockard. Miller immediately sent to Simonton the memorandum required, in a letter dated the 29th of August.
By some mistake or oversight in Miller, the notes and judgments, instead of being to the Bank, their owner, were taken in the name of Allen.
J. M. Moss & Brothers to the use of Samuel H. Jones being judgment creditors of Allen, with a view of subjecting the judgments belonging to the Bank, on the 6th of January, 1858, caused Conner to be summoned as a garnishee, and on that day, upon his answer, obtained judgment against him before Miller, for $111.66. In like manner, Woods, Bacon & Co., being judgment creditors of Allen to the amount of $1141.53, on the 13th of January caused Conner to be summoned as a garnishee, and on the next day, upon his answer, succeeded in obtaining judgment against him, in the Circuit Court of Maury county, for $973.95, the same being the bal- *421 anee of the judgments belonging to the Bank, so confessed before said Miller.
Conner, though he knew, as we are satisfied from the proof, that these judgments belonged to the Bank, failed so to state in his answer to the garnishments; but, on the contrary, stated that he owed Allen the amount of said judgments.
The Bank was no party to the proceedings by garnishment, and does not appear to have had any notice of then;; and after the expiration of the stay of the judgments, caused executions to be issued, by Miller, upon them, in the name of Allen, to enforce their collection for the benefit of the Bank. This was resisted by Conner, who resorted to a supersedeas, and contended that the satisfaction of the judgments upon the garnishments operated as a satisfaction of the judgments belonging to the Bank, in the name of Allen.
It appeared that Conner paid Woods, Bacon & Co., without the issuance of an execution, and that before he would pay them he required a bond of indemnity against the claim of the Bank, which they executed.
The cause was submitted to the decision of the Circuit Court, by both parties, without the intervention of a jury, under section 2956 of the Code, and judgment rendered in favor of the plaintiff below. This judgment we affirm. The debts due from Conner did not belong to Allen, and could not, rightfully, he subjected to his debts. Johnson et als. v. Irby et als., 8 Hum., 654. Notice of the assignment of a chose in action, given to the debtor, either before or after judgment, will vest the absolute title in the assignee. Clodfelter v. Cox, Adm’r, et als., 1 Sneed, 330. If after notice, the debtor take a release from the nominal creditor, or pay him, or procure a set-off against him, or make out an apparent defence in any other way, the whole will be deemed void; and will be so declared either on summary application or upon pleading, or evidence on trial, according to the manner in which the fraudulent act is sought to be enforced. An attorney having a lien on the chose in action, for example, on a judgment for his costs, shall be deemed an assignee. 15 John. *422 R., 405; 4 Cowen, 416. So one who takes it merely in pledge, cr as collateral security. 20 Johns. R., 142; 9 Cowen, 34.
The assignee will be protected and his right noticed as well in a Court of Law as a Court of Equity; and the mere fact that the name of the person beneficially entitled does not appear in the record, will make no difference, if the debtor have notice of his right. Burton v. Dees, 4 Yer., 4, and cases cited above.
If the case now before us were without a precedent, or direct decision, we could have no difficulty in its determination. In principle there can be no distinction between such a case and those above cited. The garnishee must pay the penalty of his own wrong, and cannot avoid liability to the party really entitled, upon the ground that he had paid the debt to another, although under color of legal process. It was the duty of Conner, in his answer to the garnishments, to have disclosed the ownership of the Bank in this fund, and prevented a recovery by the creditors of Allen. A failure to make the proper defence was at his peril, and a payment to them, the same as to a stranger. The Bank vas not precluded by the judgments upon the garnishments, because they wore res inter alias acta. It has been held that a former recovery and satisfaction in the name of an assignor of a note not negotiable, obtained without the privity of the assignee, after the assignment and notice thereof given to the debtor, constituted no bar to a subsequent suit in the name of the assignor, brought by the authority and for the benefit of the assignee. Dawson v. Coles, 16 Johns. R., 51. The same principle is settled in Burton v. Dees, 4 Yer., 4. And if A. be indebted to B., and pay such debt to the attorney of a person suing A. in B.’s name, but without his authority, A. is, notwithstanding, obliged to pay B. again. Robson v. Eaton, 1 T. R., 62.
But this question has been often before the Courts of our sister States. In Drake on Attachment, section 630, it is laid down to be the duty of the garnishee to state in his answer every fact within his knowledge, which had destroyed *423 the relation of debtor and creditor, previously existing between him and the defendant. If be fail to disclose a fact which, if disclosed, would have prevented a judgment against him, he cannot afterwards set up that judgment in bar of a recovery on the debt he owed the defendant, and which he knew had passed into the hands of a third person before he answered as garnishee. Therefore, where A. Avas garnisheed in a suit against B., and failed in his answer to disclose the fact, which was known to him, that before the garnishment, B. had applied to the District Court of the United States to be declared a bankrupt, and soon after was so declared; and judgment was accordingly rendered against A. for the debt he confessed to be owing to B.; and afterwards he was sued by the assignee in bankruptcy upon the debt, and set up as a defence the judgment rendered against him as a garnishee; it was held, that having in his answer concealed, or omitted to give notice of a fact which he was bound to disclose, and which would have prevented a judgment against him, the defence was unavailable. So, where, by law, wages due to a person are exempt from attachment, and A. gave to B. a due bill for an amount due him for wages, and, upon being summoned as garnishee of B., answered, admitting the giving of the due bill, hut said nothing as to the consideration for which it was given, and was charged as garnishee; it was held, in an action against him by B. on the due bill, that the judgment against him was no defence.
In support of this doctrine, Nugent v. Opdyke, 9 Robinson (La.,) 453, and Look v. Johnson, 36 Maine, 464; together with numerous other cases, are cited, and among them Prescott v. Hull, 17 Johns. 284; Colvin v. Rich, 3 Porter, 175; Tompkin v. Phillips, and Foster v. White, 9 Porter 98, 221; and Stockton v. Hall, Hardin, 160. These cases furnish direct authority for the judgment of the Gircuit Court.
The effect to be given to the garnishee’s answer differs, very materially, in the different States. This depends, in a great measure, upon the construction given to the statutory provisions of each State. In most of the States, the answer is taken *424 to be true, but is subject to be controverted and disproved; while in others, when its truth is denied, it is held not admissible evidence in the garnishee’s favor. Drake on Attachment, secs. 651, 654.
In Tennessee, however, the garnishee’s liability is determined solely by his answer, which is held to be conclusive. But this rule has never, to our knowledge, been extended beyond the particular contest between the garnishor and garnishee, and the answer cannot be regarded as concluding other parties — certainly not one who is a stranger to the procedure.
Judgment affirmed.