## MURRAY v. CONE et al.

1. Evidence: DECLARATIONS: RES GESTÆ. In an action of replevin by one claiming to have purchased the property from one under execution against whom the property was taken, the declaration of the plaintiff made soon after the purchase and while he was in possession of the property, as to the fact of his purchase and the consideration upon which it was based, are not admissible in his favor as part of the *res gestæ*.

2. —— The case does not fall within that class in which the declarations of the person in possession of personal property, simply explanatory of the possession, have been held admissible.

*Appeal from Monroe District Court.*

FRIDAY, DECEMBER 18.

EVIDENCE: RES GESTÆ.—Replevin for cattle. The plaintiff claims to be the owner by virtue of a purchase from one Richard Murray. The sheriff was made defendant in the replevin, and defends by virtue of a levy under an execution in favor of one Brown and against the said Richard Murray, alleging that the sale of the cattle from Richard to the plaintiff was fraudulent. The plaintiff claimed that he purchased the cattle from Richard in payment of a board bill against him. The main question on the appeal relates to the action of the court in admitting Mrs. Murray, the wife of the plaintiff, to give in evidence, against the defendant's objection, certain declarations of the plaintiff respecting the purchase of the cattle.

The evidence admitted is thus stated in the bill of exceptions: "Be it remembered that on the trial of this case the plaintiff, to sustain his case introduced as a witness Mrs. —— Murray, the wife of plaintiff, and asked her the following question, 'after you understood that plaintiff had purchased twenty-one head of cattle from the said Richard Murray (ten of which are in controversy), and at a time when you saw your husband in possession of the cattle, what did he say to you as to how he got the cattle; state all that he said then as to how he got the cattle, and in regard to the ownership?' to which defendants objected, on the ground that the same was incompetent, being the plaintiff's declaration, and also because the question called for more than a mere explanation of the nature of his possession, which the court overruled, and the witness answered as follows: 'he called me to the door and showed me the cattle in the

calf lot; told me that they were the cattle that he bought of Richard Murray in payment of his board bill; I went to the door and looked at them; this was two days after I heard them talking about making the contract, and when plaintiff had just brought them home and put them in the calf lot, and Richard was not present.' To all of which rulings and evidence the defendants excepted at the time."

Relating to this subject the court refused to give for the defendants the following instruction:

"Whatever statements Thomas (the plaintiff) may have made to his' wife at any other time than when he and Richard were present and making the alleged contract, are not evidence to prove that the plaintiff purchased the said cattle from Richard, and the jury should not regard the same."

The jury found for the plaintiff, and the court, after denying a motion for a new trial, rendered judgment against the defendants, who appeal.

*Perry & Townsend* for the appellants.

*H. H. Trimble* for the appellee.

DILLON, Ch. J. — It became material for the plaintiff to prove the purchase by him of the cattle from Richard Murray, and also that this purchase was *bona fide.* To establish the *bona fides* of the purchase he claimed to have had a note of Richard's, which had been given in settlement of a board bill against him. By admitting his wife, after the alleged contract of purchase was made and in the absence of Richard, to give evidence of the plaintiff's own declarations to prove both the fact of purchase and the consideration on which it was based, the plaintiff was clearly allowed to manufacture testimony in his own behalf. Evidence of the con-

EVIDENCE: declarations: res gestæ.

tract and what was said at the time and in relation thereto would, of course, be competent. But the plaintiff's declarations on this subject, made to his wife, at a period distinctly subsequent to the contract, are no part of the *res gestæ* and should have been rejected. They were his own narration of a past occurrence.

The court erred in allowing the testimony to be received and in not giving the instruction in relation thereto asked by the defendant. *Taylor* v. *Lusk*, 9 Iowa, 444; *Ross* v. *Hayne*, 3 G. Greene, 211; *West* v. *Price's Heirs*, 2 J. J. Marsh. 380; *Blake* v. *Graves*, 18 Iowa, 312; *Miners* v. *Sturdevant*, 23 Ala. 664; *Thompson* v. *Mawhinney*, 17 id. 362; 3 Phil. Ev. (3d ed.) 337, *n.* 213.

The case does not fall within those referred to by the appellee's counsel, in which the declarations of a person in possession of personal property, simply explanatory of the possession, have been held competent evidence.

Reversed.