## CANTY vs. SANDERFORD.

[DETINUE BY WIFE, AGAINST PURCHASER FROM HUSBAND, FOR PROPERTY BELONGING TO STATUTORY SEPARATE ESTATE.]

1. Sale by husband of wife's statutory property; whether wife is estopped.— If the wife is present at a sale by her husband of personal property belonging to her statutory separate estate, and assents to it, or makes no objection to it, but does not join with him in a conveyance of title, she is not estopped from recovering the property from the purchaser, or one claiming under him.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Mrs. Damarius Canty, against John Sanderford, to recover a horse, which the plaintiff claimed as a part of her separate estate under the laws of this State, and to which the defendant asserted title as a derivative purchaser from F. M. Canty, the plaintiff's late husband. The date of the plaintiff's marriage with F. M. Canty, and the time when she acquired the property, are nowhere stated in the record; but the bill of exceptions states, that she bought the horse, at an administrator's sale, "in 185—, which was prior to her marriage with said F. M. Canty." During the coverture, said Canty sold the horse to one Bankham, who sold to one Moore, who sold to the defendant. The sale by Canty was verbal; and it appeared that the plaintiff was present at the time, and did not object to it. Canty afterwards abandoned the plaintiff, and she obtained a divorce from him before the commence-

ment of this suit. The court charged the jury; "that if they believed the plaintiff purchased the horse since 1848, and before her marriage with F. M. Canty, and owned it as her separate estate; and that she was present at the sale by said F. M. Canty to Bankham, and assented to it; or that she was present at the sale, and knew of it, and made no objection to it,—she would be estopped from recovering the property from a person claiming under that sale." The charge of the court, to which the plaintiff excepted, with other matters, is now assigned as error.

G. F. SMITH, for appellant.

STONE, J.—We think the circuit court erred in both features of its charge to the jury. The act of 1850 (§ 5) declares, that "such property [that is, property belonging to the wife's separate estate secured to her under that act] may be sold by the husband and wife, and conveyed by their joint deed."—Session Acts 1849–50, p. 64. The Code (§ 1984) declares, that the separate property of the wife "may be sold by the husband and wife, and conveyed by them jointly, by instrument of writing attested by two witnesses.—See *Durden v. McWilliams*, 31 Ala. 440. "These provisions are obviously restrictive of the right of disposition, and were doubtless intended to prohibit any sale of the wife's property, except such as might be made by the husband and wife."—*Alexander v. Saulsbury*, at the present term, and authorities there cited. The "doctrine of estoppel, for a mere omission to assert one's right, does not apply to the wife, where her husband makes an unauthorized sale of her property in her presence."—*Drake v. Glover*, 30 Ala. 390.

Reversed and remanded.