[Fowler v. Williamson.]

# Fowler *v.* Williamson, Garnishee.

## Garnishment.

1. *Garnishment; what will authorize suggestion of adverse claim.* — A message to the garnishee from a third person that he "*held*" a note executed by garnishee, if not known to be a fraudulent pretence, authorizes the garnishee to set up such claim in the answer, or to amend it if already filed.

2. *Contest of answer; when transfer not within issue.* — The garnishee waives the right to set up the interest of the transferee, and is liable to the plaintiff notwithstanding the transfer, if he fails to set it up in the answer; and on contest of an answer which is a general denial of indebtedness, proof of such transfer is without the issue raised, and cannot be received.

3. *Charge; presumption as to correctness of.* — An instruction to the jury, correct or not according to the issue joined, will be presumed to have been correctly given unless it affirmatively appears that the issue joined was such as to forbid the charge.

APPEAL from Circuit Court of St. Clair.
Tried before Hon. W. L. WHITLOCK.
The facts are sufficiently stated in the opinion.

LEROY F. BOX, for appellant. — The statute prescribes the manner in which the garnishee must set up the claim of a third person. When the garnishee makes a general denial of indebtedness, the plaintiff is not put on notice as to any outside claim; has no means of obtaining evidence as to it, and is liable to be surprised on the trial by it. The garnishee ought to be held strictly to the statute or injustice ensues to the plaintiff.

JOHN W. INZER, *contra.* — The suggestion of the claim of Hendrix's son required the plaintiff to bring him in to propound it. Until this was done the plaintiff could proceed no further, and without it the proceedings are void. *M. & O. R. R. Co.* v. *Whitney*, 39 Ala. 498; Section 2894 R. C.

MANNING, J. — Appellant was a creditor of defendant Hendrix, and had obtained a judgment against him in St. Clair circuit court.

Appellee, Williamson, was summoned to answer as garnishee, in respect to his being indebted to Hendrix, or having any property or effects of the latter in his possession or under his control. He answered at the October term, 1873, of the court, admitting indebtedness to the amount of $62, but no more, and denying possession or control of any property or effects of Hendrix, &c., &c.

A minute-entry of the same term recites: "Said answer is contested by plaintiff and this cause stands continued." But there is no affidavit, according to § 2974, of the Revised Code,

and no allegations showing in what respect or particular the answer was controverted.

At the Spring term, 1874, it appears that plaintiff came, and also the garnishee, " whose answer as garnishee was contested, and issue being joined, thereupon came a jury," &c., who found a verdict in favor of plaintiff for $45$\frac{30}{100}$, upon which judgment is entered accordingly.

From a bill of exceptions taken by plaintiff, it appears that the garnishee amended his answer by stating his indebtedness at $42, instead of $62, and that plaintiff then introduced the garnishee and others as witnesses, who prove that before service of the garnishment, the garnishee had bought of defendant Hendrix a tract of land, and executed to him for it three several promissory notes for $533$\frac{1}{3}$ each, payable one, two, and three years respectively afterwards; two of which notes (it appears) had been transferred to another person, and the third been put in the hands of a son of defendant Hendrix, who was also a son-in-law of garnishee, and who sent word to garnishee that he *held* the note.    There was evidence also that at the time of the sale of the land to garnishee, the land had been levied on to satisfy the judgment of plaintiff, of which garnishee was not then informed ; and that after the garnishment was served, he applied to defendant Hendrix for a rescission of the contract and the return of the notes, and that Hendrix obtained the notes back and gave them to garnishee, who executed a deed of the land back to Hendrix.

Several charges were given by the court to the jury and excepted to by plaintiff, which may be resolved into these two : —

*First*, that the jury could not subject any money which the garnishee may have owed to Hendrix to the payment of the judgment against the latter, except such moneys as he owed when the garnishment was served.

*Second*, that a message from a third person to garnishee, that he *held* one of the notes, is tantamount to notice that he claimed title to or an interest in it ; and when this was disclosed by the testimony on this trial, plaintiff could not proceed further until he had cited such third person and contested the matter with him to subject the amount of the note by his garnishment, even though the jury should believe from the evidence, that the transfer was fraudulently made by Hendrix to avoid garnishment, and the garnishee had reason to believe this, and that transferee was privy to such fraud.

Whether or not the court erred in the first charge, depends upon the scope of the issue that was tried.    The terms of the writ of garnishment show that the answer to it must embrace, as that of the garnishee in this cause did, several distinct matters.    And the law requires the plaintiff to " allege in what

[Fowler *v.* Williamson.]

respect, the answer is untrue." Rev. Code, §§ 2974. It is important to the garnishee, who has come under no obligation to the plaintiff, and is sought (perhaps, much against his interest) to be coerced into the relation of a debtor to him, that the issue should be specific. If, in this case, the issue restricted the inquiry to what the garnishee owed, at the time the garnishment was served, there was no error in the charge. And as the record does not show what issue was made, we cannot presume that it was one which would make the charge of the court erroneous.

The garnishee would be answerable in a proper case, for money he owed at the time of the answer, or thereafter to become due, as well as what he owed at the time of garnishment served. Rev. Code, § 2944.

In respect to the other question presented, there was manifest error. If garnishee wishes to protect himself against a double liability, — a judgment in favor of the plaintiff in a garnishment, and the claim, of a third person to have payment of the same debt made to him, — the statute provides that he may, in his answer, inform the court of such third person's claim, whereupon it will be the duty of the plaintiff, if he does not discontinue his suit, to cite such person to propound and defend his interest. Rev. Code, § 2977. And there is no doubt that a message to a garnishee from a third person, that he *held* a note which was in controversy in such a case, would, if garnishee did not know it to be a mere fraudulent pretext, justify him in setting up in his answer that such third person claimed title to, or an interest in the note. And this he may do by an amendment of his answer after it is filed. *Foster* v. *Walker*, 2 Ala. 177.

If the garnishee failed to do this, perhaps he should not be allowed on a trial contesting his answer to make any proof of the transfer of the note by defendant to a third person ; but if he may do so, it is certain that he takes upon himself the responsibility of proving, the *onus probandi*, to the satisfaction of the jury, that such transfer was not only made, but made in good faith between the parties, so as to extinguish his indebtedness to the defendant. Plaintiff is not bound to stop the trial, because evidence is produced in the course of it of an alleged transfer, if such evidence may be introduced at all. And certainly, if it shall be shown (as in this case there was evidence tending to show) that the transferee acquired no title to the note by the supposed transfer, plaintiff would be entitled to a verdict and judgment against the garnishee : which would not protect the latter from a suit on behalf of the transferee.

A garnishee cannot be allowed to escape liability under the garnishment, by rescinding a contract by which he became in-

debted to defendant in attachment, or judgment, any more than by payment of the debt to such defendant, after service of the garnishment.

The judgment is reversed and the cause remanded.

BRICKELL, C. J. — If a garnishee does not in his answer disclose that an indebtedness owing to the defendant in the attachment or in the judgment has been transferred, but relies on a general denial of indebtedness, and an issue is formed contesting his answer, on the trial of such issue there is no contingency in which the garnishee can be permitted to offer evidence of such transfer. The fact of transfer is not within the issue formed, or which can be legally formed. The only fact in issue is, whether when the garnishment was served, or at the time of answer, there was an indebtedness contracted by the garnishee to the defendant, of which the defendant was, when it was contracted, the real beneficial owner. If such indebtedness existed, judgment must be rendered against the garnishee, though it may have been transferred. Such judgment the statute points out the mode of avoiding, which he must pursue. If he does not pursue that remedy, he waives all right to set up the transfer. Justice JUDGE, concurs in this opinion.