# CASES

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1880.

---

## Lewis and Wife *v.* Dillard & Jones.

*Action against Husband and Wife, for Price of Necessaries.*

1. *Liability of wife's statutory estate for necessaries; taking husband's note for debt.*—For articles of comfort and support of the household, suitable to the degree and condition in life of the family, while the wife's statutory estate is made liable by law (Code, § 2711; Rev. Code, § 2376), the husband is also liable *personaliter;* and when his note is taken for the debt, and default is made in its payment at maturity, the liability of the wife's estate is not discharged.

2. *Same; wife's authority to husband making contract.*—The liability of the wife's property, for the price or value of such articles, depends only and entirely on the concurrence of the several facts which the statute makes elements of that liability; and her authority to her husband in making the contract of purchase is not one of those facts.

3. *Same; quality and quantity of articles purchased.*—Although the goods purchased may, in kind and quality, be "articles of comfort and support of the household, suitable to the degree and condition in life of the family"; yet, if the quantity is so great as to exclude the supposition that they were necessary to supply the wants of the family, or were intended for that purpose, the wife's estate would not be liable; nor is her estate liable for the price of articles which were purchased and used to supply laborers employed by the husband in cultivating her lands, and in cutting and hauling wood therefrom for sale.

4. *Same; burden of proof.*—When the correctness of the account sued on is put in issue by the pleadings, the *onus* is on the plaintiff; and if the account produced by him contains both proper and improper charges, he must furnish the evidence necessary to distinguish and separate them, or he can not recover at all. In this case, the action being against husband and wife, and founded on an account contracted by the husband, no recovery can be had against the wife's statutory estate, without proof of the particular items chargeable against it.

5. *Same; partial payments by husband.*—Partial payments made by the husband, on his general account with a merchant, for supplies furnished and goods sold and delivered, some of which are chargeable against the wife's statutory estate, must be credited on the account generally, without regard to the source from which the money was derived; and when an action on the account is brought against husband and wife, seeking to charge the wife's estate with the articles for which it is by law made liable, she has no right to

(1)

[Lewis and Wife v. Dillard & Jones.]

insist that such partial payments, so far as made with moneys arising from the use or profits of her property, should be applied exclusively to the items of the account for which her estate is liable.

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. JAMES Q. SMITH.

This action was brought by Dillard & Jones, merchants in Montgomery, suing as late partners, against Dixon H. Lewis and his wife; was founded on an account for goods sold and delivered by plaintiffs to defendants during the years 1872 and 1873, amounting to $513.79 : and was commenced on the 19th April, 1876. The complaint contained the common count for goods sold and delivered, and on an account stated; alleged that the goods sold "were articles for the comfort and support of the household of the defendants, who now are, and were at the time the contract of sale was made, husband and wife, and which were suitable to the degree and condition in life of the defendants' family, and for which the husband, the said Dixon H. Lewis, would be responsible at common law"; and specified certain real estate, which Mrs. Lewis held as a part of her statutory separate estate under the laws of Alabama, and which the plaintiffs asked might be condemned by the judgment of the court to the satisfaction of their debt. The defendants pleaded the general issue, payment, and set-off; and issue was joined on these pleas.

On the trial, as appears from the bill of exceptions, the sale and delivery of the goods as charged in the account, and the reasonableness of the prices charged, were proved; and it was admitted that, at the time the account was contracted, and also when the action was commenced, the lands described in the complaint belonged to Mrs. Lewis, and constituted a part of her statutory separate estate, she being then the wife of said Dixon H. Lewis. In reference to the circumstances under which the account was contracted, W. B. Jones, one of the plaintiffs, thus testified : "In the early part of the year 1872, said D. H. Lewis proposed to witness to advance, or sell to him on time, groceries and other goods, and that he would pay weekly, as far as he was able, and would pay the balance in the fall. Witness understood that said Lewis was cultivating a plantation, and was hauling wood for sale to Montgomery ; but plaintiffs were not informed for what use the goods were to be bought. Witness supposed that the plantation, and the personal property used in cultivating the same, belonged to the wife of said Lewis. Lewis offered to give a mortgage, to secure the amount he might owe plaintiffs in the fall ; but plaintiffs agreed to sell him the goods, on the terms proposed, without any mortgage security. The witness testified, also, that the account sued on was cor-

rect and unpaid, and the prices reasonable; that said Lewis and family were highly respectable and well-to-do people; that the articles embraced in the account were suitable to the degree and condition in life of the defendants' family, and were articles of comfort and support of the household; that plaintiffs had no notice that they were to be used for any other purpose; and that most of the articles furnished were unsuitable for plantation supplies—the side-meat, for instance, was bought in such quantities as to indicate that it was for family use." James R. Dillard, also one of the two plaintiffs, and their clerks, Cook and Hurd, "testified substantially as said Jones." Lewis himself testified, as a witness for the defendants, "that he applied to plaintiffs, in the early part of the year 1872, to buy goods for the purpose of enabling him to make a crop, and to haul wood to Montgomery to sell; that he told them he would pay for the goods weekly, as far as he was able, from the sales of wood, and would pay the balance in the fall; that he bought the goods to enable him to make a crop, and to sell wood in Montgomery; that he told plaintiffs, at the time he first contracted with them, that only a small portion of the goods and groceries so purchased were bought for or used by his family; that except the hams, sugar and coffee, flour, molasses, and some small articles, all of said purchases were used to carry on his farming operations and wood-hauling; that the payments credited on the account were made entirely from funds and property belonging to the statutory separate estate of his said wife, and their amount far exceeds the value of all articles which were bought for, or used in the support and maintenance of the defendants' family. It was shown, also, that the defendants had a family of five children in 1872; that their family lived in a state of respectability; and that a large portion of the articles bought from plaintiffs, and included in said account, were suitable for the comfort and support of a household such as defendants' was shown to have been in 1872; but there was no evidence showing the particular goods and groceries so bought from plaintiffs, which were bought for, or used in the support and maintenance of the defendants' family or household, except as above stated by said D. H. Lewis."

A copy of the account was produced and proved, and it is set out as an exhibit to the bill of exceptions. The account, as copied in the transcript, commences with an item of $8.58, "bal. bill rendered," April 20th, 1872, and the last item is dated the 14th September, 1872. The amount of the account is $719.19; the articles sold being meal, corn, hams, bacon, coffee, sugar, molasses, tobacco, &c. The articles furnished

during the month of April, including the balance on account rendered, amounted to $56.91 ; during the month of May, to $170.44 ; June, $137.89 ; July, $206.22 ; and August, $101.65. The account is credited with various items, entered as "cash," and "merchandise," amounting to $253.81 ; and at the foot is written a receipt, signed "*W. B. Jones & Co., per* Beasley," in these words : "Received, Aug. 13th, 1875, of D. H. Lewis, his note for $256.25, payable 15th October, 1875, in settlement of this account, being settlement of all dues up to date." The note was produced in court, and tendered to the defendants ; and said W. B. Jones thus testified in reference to it. "In November, 1872, the account was presented to Lewis. There was no agreement that the note should be received in payment of the account : on the contrary, it was expressly agreed that the note should be taken, and the account receipted, only on the condition that it was paid on the 15th October, 1875. A deduction of $100 was made, to which the defendants were not entitled, for the purpose of removing the objections of said Lewis to the account, and only in the hope, and for the purpose, of obtaining payment at the time agreed on. When the account was presented to Lewis, in November, 1872, he made some indefinite objection to it, and took it home with him for examination ; and some time afterwards he brought it in, and stated that he had no objection to any item charged against him, but that he had not received credits for payments made by him. The account thus stood open, until the 13th August, 1875, when, for the purpose of getting a settlement, and on the condition that Lewis would pay on the 15th October, 1875. plaintiffs allowed him all the credits he claimed, took his note for $256.25, and receipted the account, as above stated."

"This was all the evidence. The court thereupon charged the jury, that if the settlement of the 13th August, 1875, was made upon condition that said Lewis would pay the note he then gave, at maturity, then the failure to pay said note at maturity avoided the settlement, and plaintiffs would not be concluded thereby. The court charged the jury, also, that if the husband bought the goods by the authority of the wife, and with no notice to plaintiffs as to the use for which the goods were bought ; and if such goods were suitable for the comfort and support of the defendants' household, and suitable to the degree and condition in life of their family, and for which the husband would be liable at common law, then the separate estate of Mrs. Lewis would be liable therefor, whether the same was used in the family or not." To each of these charges the defendants excepted, and then requested, in writing, the following charges :·

[Lewis and Wife v. Dillard & Jones.]

"1. If the evidence shows that Lewis contracted with plain-tiffs to buy goods on a credit, to enable him to carry on his plantation, and in hauling wood to town for sale; and purchased goods and merchandise under said contract, some of which was bought for and used to feed his mules and laborers in his employment, and a portion to be used and was used for the support of his family; then the jury can only find the separate estate of the wife liable for such of said goods and merchandise as was bought for the use of, or used by the household; and it is the duty of the plaintiffs to show to the jury the particular goods and merchandise which were bought for, or used by the household; and if the evidence fails to show what of said goods were either bought for, or used by the household in its support or maintenance, then the jury can not find the separate estate liable for any portion of said goods and merchandise.

"2. If the jury find, from the evidence, that payments were made out of the wife's statutory estate, on account of the goods and merchandise purchased by the husband, and that such payments amount to more than the value of all the goods bought for, or used by the defendants' household in its support and maintenance, then these payments amount to a satisfaction of said liability of said statutory separate estate.

"3. The burden of proving, to the satisfaction of the jury, the particular goods and articles which were bought for, or used by the defendants' household, for their support and maintenance, lies on the plaintiffs; and if the evidence fails to show any of the particular goods purchased by Lewis were bought for, or used by the household in its support and maintenance, then the jury can not find the wife's separate estate liable for any portion of said goods and merchandise."

The court refused each of these charges, and the defendants excepted to the refusal of each; and they now assign their refusal as error, together with the charges given by the court, and the judgment rendered.

R. M. WILLIAMSON, for appellants.

ARRINGTON & GRAHAM, contra.

BRICKELL, C. J.—1. There was no error in the first instruction given to the jury. Taking a note or bill, of which a pre-existing indebtedness is the consideration, is not a satisfaction of such indebtedness, if it is taken upon a condition the maker fails to perform; nor, generally, unless there is an agreement that it shall operate as a payment.—1 Brick.

Dig. 287, §§ 501, *et seq.* In *Sharp v. Burns,* 35 Ala. 664, it was held, that the liability of the wife's statutory estate, for articles of comfort and support of the household, was not relieved, because the husband had been recognized as the debtor, was solvent, and had given a mortgage to secure payment. It was said, as has been often said, it is the combination of circumstances mentioned in the statute which fixes the liability of the estate; and it was added: "The husband is also liable *personaliter;* and the fact that securities have been taken to make his liability effectual would no more relieve the wife's separate estate from the charge upon it, than would the taking of similar steps in other cases where a creditor has distinct remedies."

2. The second instruction is erroneous, in declaring that the authority of the wife to the husband, to make the purchase of goods of the plaintiffs, if they were suitable to the comfort and support of the household, and to the degree and condition in life of the family, would render her statutory estate liable to pay for them, though they were not used in the family. The authority of the wife to the husband, to make the purchases, is not, and can not become, an element of the liability of the statutory estate. The capacity of the wife to contract, as defined at common law, is not enlarged by statutory provisions creating and defining her separate estate, except in so far as, by joining with her husband in the execution of an instrument in writing, attested or acknowledged, a sale and conveyance of the estate is made.—*Canty v. Sanderford,* 37 Ala. 91; *Alexander v. Saulsbury, Ib.* 375; *Warfield v. Ravisies,* 38 Ala. 518; *Gibson v. Marquis,* 29 Ala. 668. The agency of neither husband nor wife in contracting the account, or making the purchases, is at all material. Without the consent of either, or though either may dissent, the statutory estate becomes liable, when there is a combination of the facts mentioned in the statute. If these facts do not coexist, the estate is not liable, though husband and wife jointly, or the one with the consent of the other, contract the debt.

3. In view of the evidence tending to show that the goods were purchased and used to supply laborers employed by the husband in cultivating the wife's lands, and cutting and hauling wood therefrom for sale; and in view of the further fact that, on the face of the accounts, it is apparent that all the goods, though in their nature they may be generally articles of comfort and support of the household, could not have been intended to supply the wants of the family, the charge is also erroneous. The goods were purchased in such quantities, and the purchases are so near to each other in point of time,

that there is an exclusion of any supposition that they were all necessary or intended for the uses of the family. The husband is trustee—is charged with the control and management, and entitled to the rents, incomes and profits, of the wife's separate estate. He is without power by his contracts, as are trustees generally, to charge the trust estate. Taking the rents and profits of the estate free from liability to account to the wife, it is natural equity that the *corpus* of the estate shall not be charged with the expenses incurred in the production of the rents and profits. All such expenses are the personal debts of the husband, and from liability to pay them the wife's estate is exempt. The only debt of the husband, for which the estate of the wife can be made liable, is that expressed in the statute.—Code of 1876, § 2711. To the creation of that debt, there must be a concurrence of every fact mentioned in the statute. The articles purchased must be "of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law." Each and all of these facts must concur, and where there is not a concurrence of them, the statutory liability of the wife's estate does not exist.—*Durden v. McWilliams*, 31 Ala. 438; *Punch v. Walker*, 34 Ala. 494; *Eskridge v. Ditmars*, 51 Ala. 245; *O'Connor v. Chamberlain*, 59 Ala. 431.

4. In all actions of account, if the correctness of the account is put in issue by the pleadings, the burden of proof lies upon the plaintiff. If the correctness of the account is not shown, the case of the plaintiff fails. When, in an account against the husband, there is a commingling of charges for some of which the statutory estate of the wife may be liable, and for others there may be no liability, the burden of proof rests upon the plaintiff, to show the items of the account for which the statutory estate is liable; and if he does not by evidence distinguish them, there is a want of evidence to establish the liability. If an account is presented to a party sought to be charged with its payment, and he admits that it is in part correct, not designating or distinguishing the part, the admission, because of its uncertainty, is of no value. *Watson v. Byers*, 6 Ala. 393; *Boxley v. Gayle*, 19 Ala. 151. When there is a commingling, in an account, of items for which the statutory estate of the wife is liable, with items for which it is not liable, it is the duty of the party seeking to charge the estate, by evidence to show which of the items are chargeable on it. If he fails, he does not meet the burden of proof resting upon him, and a jury cannot solve the doubt and uncertainty to which the case is reduced. The first and third

instructions requested by the appellant should have been given.

5. When payments are made by the husband upon such an account, whether from his individual means, or from the income of the wife's estate, the rule for their application is laid down clearly in *Lee v. Tannebaum*, 62 Ala. 501.

Reversed and remanded.