# Woodlawn. v. Purvis.

108　511
134　347

*Action on Bill of Exchange; and Account Stated, and for Work and Labor Done.*

1. *Pleading; joinder of actions.*—Under the provisions of § 2672 of the Code, an action on a bill of exchange, and upon an account stated, are properly joined in one complaint.

2. *Same; bill of exchange.*—In an action by a payee upon a bill drawn upon and accepted by the defendant, it is not necessary to allege in the complaint that the bill had been assigned to the plaintiff, or that it was his property.

3. *Same; title of plaintiff.*—Where a complaint based on an account stated, and an account for work and labor done alleges that the same are the property of the plaintiff, a sworn plea of denial is necessary to put in issue the assignment thereof to the plaintiff.

4. *Same; plea alleging payment to third person under garnishment.*
When the defendant pleads that he paid the amount sued for under
a garnishment on a judgment against the assignor of plaintiff, the
plea is defective unless it alleges that at the time of making his an-
swer as garnishee he had no notice of the assignment of the debt to
the plaintiff.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAMES J. BANKS.

Suit by Thomas Purvis against Woodlawn, a municipal
corporation.

The complaint in this cause had the following counts :
(1.) On a bill of exchange drawn by John Sutcliff upon,
and accepted by the defendant, payable to plaintiff,
which was alleged to be due and unpaid.    (2.) On an
account stated between John Sutcliff and the defendant,
which was alleged to be the property of the plaintiff.
(3.) On an account for work and labor done for defend-
ant, by Sutcliff, which was property of plaintiff, and due
and unpaid.

The defendant demurred to the first count, on the
grounds among others not noticed in the opinion, (1.)
on ground of misjoinder of the causes of action.
(2.)  It failed to allege that the bill was the property of
the plaintiff.    (3.)  It did not allege that the bill had
been transferred in writing to the plaintiff.    These de-
murrers were overruled, and thereupon the defendant
set up by special plea, that one J. H. Lide had recovered
a judgment against Sutcliff, the assignor of plaintiff,
upon which a garnishment was served upon the defend-
ant, judgment rendered thereon against it on its answer,
and paid by it into court.    Also, that at the time of the
service of the said garnishment, the defendant had no
notice of the alleged transfer of the claim by Sutcliff to
the plaintiff.    To this plea the plaintiff demurred on the
ground that it failed to allege that the defendant had no
notice of the plaintiff's claim at the time of its answer
to the said writ of garnishment.    This demurrer was
sustained, and the cause heard upon plea of the general
issue.    Judgment was rendered for the plaintiff, and de-
fendant appeals.

D. C. BUCKSHAW & Z. T. RUDOLPH, for appellant.

HENRY R. DILL, *contra.*

[Woodlawn v. Purvis.]

HEAD, J.—The first count of the complaint shows, most plainly, that the legal title to the bill of exchange, therein declared on, is in the plaintiff. It is analogous to form of complaint No. 2. Code, p. 790, and is sufficient. The demurrers to it were properly overruled.

There was no misjoinder of causes of action.—Code, § 2672.

The demurrers to the special pleas were properly sustained, for the reason, as stated in the demurrer, that the pleas confine the defendant's want of notice of the alleged transfer of the claim to plaintiff, to the time when the garnishment was served upon it, and not to the time of making answer.—Code, § 2984.

The complaint contains, among others, a count for work and labor done by John Sutcliffe, for the defendant, and a count on account stated between John Sutcliffe and defendant, each averring that the demand is the property of the plaintiff. There is no sworn plea denying the plaintiff's ownership of these demands, as provided by Rule 29 of circuit court practice.—Code, p. 810. The assignment of the claims to plaintiff cannot, therefore, be disputed; and the plaintiff testified, without contradiction, that the assignment took place, and notice thereof given to defendant, through its mayor, on whom the garnishment was served, before the defendant answered the garnishment. The testimony of the mayor is the same, as to the receipt of notice of the assignment, before answering the garnishment.

The evidence is without conflict, that the defendant owed Sutcliffe the amount sued for, $29.05, for services rendered as an architect; and the evidence is satisfactory that the account for that sum, had been stated between the parties. The defendant cannot defend either of these counts, on the ground that it suffered and paid a judgment against it, in the garnishment suit, on an admission in its answer, of indebtednes to Sutcliffe, without having suggested plaintiff as a claimant, as required by section 2984 of the Code. If the defendant is subjected to double payment, it results from its own default, in not making the suggestion, in its answer above indicated.

The judgment of the circuit court was right, and the same is affirmed.