# Vansandt v. Weir.

*Bill in Equity for Injunction.*

1. *Separate estate of married woman; dedication; equitable estoppel.* In the absence of actual fraud committed by her, the statutory real estate of a married woman cannot be divested by a dedication to public use as the result of conduct operating as an equitable estoppel upon her, but only by the joint deed of herself and her husband, executed as the statute prescribes, or, perhaps, by a statutory dedication under the Act of 1887 (Sess. Acts, 1886–87, p. 93).

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed November 28, 1893, by R. L. Vansandt, the appellant, against V. L. Weir and his wife, Nannie Weir, the appellees. As afterwards amended, it disclosed the following facts : In 1890 a street called "Quill Avenue" was extended through a tract of land in the town of Jacksonville belonging to the defendant, Mrs. Nannie Weir, and through a tract of land belonging to the complainant, to Depot Street in said town, the complainant and the defendant V. L. Weir having agreed in writing "to dedicate to public use enough land to allow Quill Avenue to be extended on its present course from north boundary line of Weir

property to Depot Street." About two years afterwards, complainant, acting on the faith and strength of the agreement to dedicate, and believing that said avenue was to remain permanently open through the land of Mrs. Weir, built a brick storehouse, costing over $2,000, on the corner of Quill Avenue and Depot street, and with reference to the said Quill Avenue. The Weirs knew of complainant's building said storehouse, and they know that it is of the greatest importance to him that he use the said avenue. V. L. Weir was the general agent of his wife in the management of her said land, and had full power and authority from her to do everything he saw proper with the said land. With her knowledge and authority, he had her lands mapped and platted, and said Quill Avenue was shown on this map, running through her land. This map was not recorded, but the Weirs tried to sell the lots as shown thereon. Prior to the filing of the bill, the defendants had begun the erection of a fence which would prevent travel over the said Quill Avenue, and would prevent free access over the same to complainant's store. The bill further alleged that if the defendants obstruct said Quill Avenue, the complainant will suffer great, special, and irreparable loss. The complainant prayed for an injunction restraining the defendants from obstructing the said avenue. A preliminary injunction was granted on the filing of the bill. The defendants severally demurred to the bill, on the followtng, among other grounds: (1). The bill shows that the said V. L. Weir, the husband, was in no way authorized to dedicate the said land for public uses; (2). The bill sets forth the agreement as to the alleged dedication, and the same is not shown to be signed by the said Nannie Weir, or in her behalf; (3). The said alleged agreement of dedication shows that the same was to the public use, and the said bill does not show that the public have ever accepted the said dedication; (4). The bill shows that the said complainant has suffered only a private injury, and it fails to show that he has not an adequate remedy at law; (5). The bill shows that the said complainant is not entitled to the relief as prayed for, because he does not therein allege facts to show that he has an undoubted right to use the said Quill Avenue. The defendants also moved to dismiss the bill, as amended, for want of

equity. The Chancellor sustained the grounds of de-
murrer above set forth, and also sustained the motion
to dismiss the bill. The complainant appeals.

J. T, MARTIN and S. D. G. BROTHERS, for the appel-
lant.—There is no form necessary for a dedication of
land to public use. All that is necessary is the assent
of the owner of the land and his unequivocal intention
to dedicate.—*County of Yolo v. Barney*, 12 Am. St. Rep.
152; and note ; *Osage City v. Larkin*, 10 Am. St. Rep. 186,
and note. A dedication may be made by writing, or ver-
bally. *Forney v. Calhoun County*, 84 Ala. 215 ; *Steele v. Sull-
ivan*, 70 Ala. 589 ; *State v. Trask*, 27 Am. Dec. 560. Com-
mon law dedications operate upon the principle of an
estoppel *in pais*, or an equitable estoppel.—2 Dillon
Munic. Corp., sec. 491 ; 2 Pomeroy's Eq. Jur. sec. 802.
A married woman may authorize her husband to man-
age her property as her general agent ; and, the facts of
such agency being shown, the same incidents attach as
in the case of any other agency, and she is bound by his
acts as any other principal would be bound. *Louisville
Coffin Co. v. Stokes*, 78 Ala. 372 ; *Standifer v. Swan*,
78 Ala. 88. The principle of estoppel operates against
a married woman and her estate the same as against
any other person.— *Wilder v. Wilder*, 89 Ala. 414 ;
*Robinson v. Walker*, 81 Ala. 404.

STEVENSON & AGEE, and JOHN H. CALDWELL, *contra.*
A married woman can only alienate her lands in the
mode prescribed by the statute.—Code § 2348. The law
does not permit her to alienate her land by a dedication
in which her husband does not join with her in writing,
witnessed or acknowledged in the manner prescribed by
the statute.—*Drake v. Glover*, 30 Ala. 382 ; *Harden v.
Darwin*, 77 Ala. 472 ; *Williams v. Auerbach*, 57 Ala. 90 ;
*Canty v. Sanderford*, 37 Ala, 91 ; *Jones v. Templeton*, 40
Am. Rep. 643 ; Elliott on Roads and Streets, 104.
There is no estoppel against Mrs. Weir, the knowledge
of the complainant being in all respects equal to hers.
She did nothing to mislead him. There was no fraud
or misrepresentation.— *Webb v. Demopolis*, 95 Ala. 136.
Married women are not estoppel unless their conduct is
fraudulent.—Bigelow on Estoppel, 510 ; 7 Am. & Eng.
Excy. of Law, 24.

[Vansandt v. Weir.]

HEAD, J.—Under general principles of equity jurisprudence, uncontrolled by statute, a married woman, in respect of her separate estate, was regarded as a *feme sole*. She could dispose of, charge or encumber it in like manner as if she rested under no marital disability. There being no other trustee, her husband was regarded as the dry holder of the legal title, while she held the entire beneficial interest, subject to her own unlimited control and disposition. When not acting under the actual and implied coercion of the husband, she could bind the estate by acts *in pais*, amounting to an equitable estoppel.—*Drake v. Glover*, 30 Ala. 382. And she could, by such acts, dedicate her lands to public use.— 5 Am. & Eng. Encyc. of Law, 399.

A prime question, now presented, is, whether she can, by acts and conduct *in pais*, dedicate to public use land which is made a separate estate in her by the statutes of Alabama. As is well known, the land in question of Mrs. Weir (which must be presumed, in the absence of contrary averment, was acquired not under a conveyance excluding the marital rights of the husband) would not, in the absence of legislation, have constituted property belonging to her. If it belonged to her at the time of the marriage, or was afterwards acquired, it would, at common law, *eo instanti* the marriage, or its acquisition, have vested in the husband, for the joint lives of himself and wife ; and, he surviving her, for his life as tenant by the curtesy, the other conditions of curtesy being present. So that we see, at once, that Mrs. Weir's ownership of such land is purely the creation of the statute ; and, of consequence, she takes just such an estate as the grace of the statute confers. If the statute, which creates and confers the estate, imposes limitations, or restrictions upon her powers over it, she takes the estate *cum onere* such limitations or restrictions. Recurring to our legislation on the subject, we see that all equitable separate estates, such, as we have said, the wife could have disposed of, or charged, in equity, as a *feme sole*, have been abolished, with the single exception of estates where the legal title is vested in an active trustee for the use of the wife ; and all such abolished equitable estates, and all other estates coming to the wife, which, as we have said, would have vested in the husband, at common law, are created and converted by the statute into

legal separate estates of the wife, freed from all title, interest or control on the part of the husband. We see, further, that by the same legislation certain limitations and restrictions are attached to, or imposed upon the estates so created; prominent among which is the provision that her real property shall not be disposed of (save in specified contingencies) except by the joint deed of the husband and wife. This provision substantially obtained in our former married woman's law, so long in force, and frequently became the subject of judicial consideration in this court; and, in our adjudications, it was well settled that a married woman could not dispose of her statutory separate estate by way of equitable estoppel; that she was confined to the mode of disposition prescribed by the statute, which was by the joint deed, in writing, of herself and husband.—*Canty v. Sanderford*, 37 Ala. 91; *Wilder v. Wilder*, 89 Ala. 414 (7 So. Rep. 767); *Steiner v. Tranum*, 98 Ala. 315, and cases therein cited; *Curry v. American Freehold Land Mortgage Co.*, 18 So. Rep. 328, explaining *Wilder v. Wilder*, *supra*. She may be divested of title by the adverse possession of her lands by another, under the statute of limitations.— Code, § 2624. What effect might by produced upon her estate by actual fraud committed by the wife is not now for our consideration. Nor have we any reference to judicial sales of her estate, in the enforcement of contracts which she may lawfully make; nor to the subjection of her lands under the right of eminent domain.

Dedications of land to public uses, not effected by statute or grant, and where private rights have been acquired, as alleged in the present case, operate upon the principle of estoppel *in pais*, or, as it is termed, equitable estoppel. It arises from the conduct of the owner, including his spoken or written words, his positive acts, and his silence or negative omission to act when he should, naturally inducing many persons to purchase property, expend money, or otherwise alter their conditions, to their detriment.— 2 Pom. Eq., § 802; 5 Am. & Eng. Encyc. of Law, 410, notes; *People v. Reed*, 15 Am. St. Rep. 22.

The conclusion, then, is irresistible, that a married woman cannot divest herself of her statutory real estate, by dedicating it to public use, except by the joint deed of herself and husband, executed as the statute pre-

scribes, or, perhaps, by a statutory dedication, under the act of 1887.—Acts 1886–87, p. 93.  Fettered by law with the disabilities we have mentioned, the public and individuals dealing with her, in reference to her lands, do so with knowledge of such disabilities, and will not be heard to invoke against her an estoppel which the statute, in effect, declares she cannot create.

The Chancellor committed no error in dissolving the injunction and dismissing the bill for want of equity.

Affirmed.