# Blackman & Co. *v.* Collier.

## *Assumpsit.*

(Decided April 8, 1915.    68 South. 519.)

*Garnishment; Claim to Fund; Obligation of Garnishee.*—The provision of section 4328, Code 1907, makes it optional with the garnishee whether he brings in the third person as a claimant, and his failure to do so precludes such third person from asserting, in the garnishment proceedings, his right to the fund in the possession of the garnishee; however, it does not prevent him, nor preclude him from asserting it in an independent action against the garnishee.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Blackman & Co., had garnishment issued to reach funds in the hands of one Newton, and R. E. Collier intervened as claimant of said fund. From a judgment for claimant, the plaintiff appeals. Reversed and remanded.

H. K. MARTIN, for appellant. The court should have sustained the motion of the plaintiff to dismiss the claim

suit and grant a writ of procedendo to the justice.—*Mc-Neill v. Kyle,* 86 Ala. 338; *Heywood, et al. v. Phillips, et al.,* 97 Ala. 533; section 4382, Code 1907.

E. H. HILL, for appellee. No brief reached the reporter.

THOMAS, J.—The appellants here, Blackman & Co., were plaintiffs in the justice of the peace court in a garnishment proceeding, wherein, upon proper affidavit there made, a writ of garnishment was issued against one Newton as garnishee upon a judgment which plaintiffs had previously obtained in said justice court against one Rogers as defendant.—Code, §§ 4301, 4302. The garnishment writ was duly served on the garnishee, and notice of its issuance upon the defendant in conformity with the provisions of sections 4304 and 4305 of the Code, and the said garnishee, Newton, thereupon filed formal answer in writing to the writ, as required by section 4316 of the Code, admitting an indebtedness to the defendant, Rogers, as being then due; but the garnishee did not in such answer, nor in any amendment or supplement thereto, ever suggest, as was his right under section 4328 of the Code, any claimant of the fund, or allege any facts from which it could even be inferred that any person other than defendant claimed or had any interest in the same. It appears, however, that before the return day of the writ of garnishment, which was fixed therein at December 3, 1913, R. E. Collier, the appellee here, who had not, as said, been in any way suggested by the garnishee as a claimant of the fund, voluntarily and on his own initiative came in and sought to make himself a party to the proceeding by filing an affidavit in the cause, setting up and claiming therein that the debt which the garnishee, New-

ton, admitted to be due the defendant, Rogers, belonged to him, Collier. However, he, Collier, did not appear at justice court on the day set for the trial of the garnishment case (said December 3, 1913, the return day of the writ), and the justice in effect then ignored his claim and rendered judgment, as provided by section 4320 of the Code, in favor of the plaintiffs, Blackman & Co., who are appellants here, against the garnishee, Newton, on his said answer so admitting an indebtedness to the defendant, Rogers. Later, and after the time for an appeal from this judgment had expired, the said Collier applied to the probate judge of the county for and procured the issuance by him of a statutory writ of certiorari, directed to the justice of the peace, and requiring him to send up all the papers and certify his judgment in the cause to the circuit court for trial de novo, which was accordingly done. When the case was there called for trial, the said plaintiffs (appellants here) moved to dismiss it from the circuit court, assigning numerous grounds therefor, all in substance and to the effect that the court had no jurisdiction to entertain the cause, since the garnishee had not in his answer, nor in any amendment or supplement thereto, in any wise suggested the said Collier as the claimant of the debt which the garnishee admitted in his answer to be due the defendant, and that consequently Collier was not a party to the proceeding and had no standing in court to contest with plaintiffs a right to the debt or demand so admitted to be due by the garnishee. The court overruled this motion and required the parties to go to trial, as a result of which there was verdict and judgment against the plaintiffs and in favor of said Collier on his said claim.

The court erred in not dismissing the cause. Section 4328 of the Code prescribes the mode for making third

persons, who have a claim to the fund garnished, parties to the garnishment proceeding, and such mode is exclusive. The section was designed for the benefit and protection of the garnishee, and not the claimant, and provides that the garnishee may, in his answer, or in any supplement thereto filed at any time before final judgment against him, allege that he has been notified that another person named claims title to, or an interest in, the debt or demand, or money or effects which in his answer he has admitted to be due or owing, or to be in his possession, and that upon such allegation being made the court must suspend proceedings against the garnishee and cause notice to issue to such person to appear and contest with plaintiff the right to such debt, demand, money, or effects. It is optional with the garnishee as to whether he will or not bring in such third person as a party to the suit. His failure to do so, while it precludes such person from asserting in the garnishment proceeding his right to the fund, does not preclude him from asserting it in an independent action against the garnishee. Hence, where such person is not on the suggestion of the garnishee made a party to the garnishment proceeding, he can fully protect his rights by notifying the garnishee of his interest and claim to the debt or demand garnished, and therefore, in the absence of such suggestion, he has no occasion or right to intervene in the garnishment proceedings, and if he attempts to do so, he is a mere interloper, without right or standing in court, and the court has no jurisdiction against plaintiff's objection, seasonably made, to entertain such person's claim, or to put plaintiff to a contest with him. The principles declared in the following authorities demonstrate the integrity of these views, and show that the court erred in not sustaining plaintiffs' motion to dismiss the cause.—Code, § 4328; *Heyward*

*v. Phillips,* 97 Ala. 533, 11 South. 837; *Woodlawn v. Purvis,* 108 Ala. 511, 18 South. 530; *Fowler v. Williamson,* 52 Ala. 16; *Bessemer Bank v. Anderson,* 134 Ala. 343, 32 South. 716, 92 Am. St. Rep. 38; *Smoot v. Eslava,* 23 Ala. 659, 58 Am. Dec. 310; *Ex parte Opdyke,* 62 Ala. 68; *Security Loan Ass'n v. Weems,* 69 Ala. 584.

Reversed and remanded.