# Stovall *v.* Hamilton.

### Assumpsit.

(Decided December 16, 1915. 71 South. 63.)

1. **Garnishment; Debt Subject; Fraudulent Conveyance.**—Where a judgment debtor caused his debtor, in the payment of a claim due him, to execute a note to a third person to pay a portion of the indebtedness as a subterfuge to escape payment of a judgment against him, such judgment debtor was the beneficial owner of the indebtedness evidenced by the note, and could have maintained an action thereon in his own name; hence, the debt so evidenced was subject to garnishment in aid of a judgment against such judgment debtor.

2. **Fraudulent Conveyance; Homestead; Right to Sell.**—Regardless of his creditors a judgment debtor may sell his homestead, the same being exempt.

3. **Garnishment; Debt Subject.**—Where a judgment debtor sold his land, receiving therefor a cash payment, and required the payment of the balance of the purchase price by the execution of a note and mortgage to his son simultaneously with the transfer of title by him to the purchaser, such purchaser was not indebted to the judgment debtor and was not subject to garnishment, and was not under the necessity in answering the garnishment

[Stovall v. Hamilton.]

proceeding of asking that the judgment debtor be brought in for a determination of the person to whom the money was owing.

4. **Payment; Consent.**—Payment by consent of the parties interested may be made other than in money.

(Thomas, J., dissents in part.)

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

S. Hamilton had judgment against J. P. Myers, and after judgment had garnishment issued in aid thereof, and served upon J. M. Stovall. From a judgment against the garnishee he appeals. Affirmed.

RAY & COONER, and GUNN & POWELL, for appellant. FINCH & PENNINGTON, for appellee.

THOMAS, J.—As a general rule, the plaintiff cannot, by process of garnishment, reach and subject to the payment of his debt against the defendant any demand which the defendant could not, at the time of the service of the writ of garnishment, have recovered of the garnishee in an action ex contractu. But this rule is subject to the exception that, if the demand has been fraudulently transferred or assigned by defendant, then, notwithstanding the defendant could not himself, on account of such transfer or assignment, recover of the garnishee, yet the plaintiff could do so, because the transfer or assignment, being fraudulent, is void as to him, and, so far as his rights are concerned, the case stands the same as if there had been no transfer or assignment at all.—*American Trust & Savings Bank v. O'Barr,* 12 Ala. App. 546, 67 South. 795, and cases cited.

In all cases, however, where there has been a transfer or assignment by the defendant of the debt once due him by the garnishee, whether that transfer or assignment is valid or fraudulent as against the plaintiff, it behooves the garnishee, if he would protect himself from the possibility of a double liability for the same debt—a liability to the transferee or assignee and a liability to the plaintiff—to set up in his answer to the writ of garnishment the fact of such transfer or assignment, or that another claims the debt, and suggest that the other be brought in and made a party to the proceedings, to contest with plaintiff the right to such debt.—Code, § 4328; *Fowler v. Williamson,* 52 Ala. 16; *Blackman & Co. v. Collier,* 12 Ala. App. 568, 68 South.

[Stovall v. Hamilton.]

519.   In such case, an issue as to the fact and validity of the transfer is then made up between the plaintiff and the claimant, and, if found for the plaintiff, judgment is rendered in his favor against the garnishee, which relieves the latter of liability to the claimant; but if the issue be found for the claimant, the garnishee is discharged, thereby relieving him of liability to the plaintiff, and leaving him liable only to the claimant.—Code, § 4329. But if the garnishee admits an indebtedness to the defendant, and fails to set up that it has been transferred or assigned, that fact can avail him nothing, and the plaintiff will be entitled to a judgment against him on such admission, notwithstanding the transfer or assignment, and notwithstanding it may be valid as against the plaintiff, and notwithstanding that by reason of it the garnishee may also be liable to the transferee or assignee for the debt.—*Blackmon & Co. v. Collier, supra.* And, although the garnishee should deny in his answer any indebtedness at all to the defendant, yet, if upon contest of such answer, the plaintiff should prove that, at the time the writ of garnishment was served, a debt had been previously contracted by the garnishee with defendant, which remained unpaid at the time of the service of the writ of garnishment, the plaintiff would be entitled to a judgment against the garnishee, notwithstanding that, before the service of the writ, the defendant had transferred or assigned that indebtedness to a third person, and notwithstanding the garnishee would, on account of such transfer or assignment, be also liable to such third person.—*Fowler v. Williamson, supra.* The reason is that, the garnishee having failed in his answer to plead or set up such transfer or assignment, it is not within the issues made by the pleadings, and proof of it cannot, therefore, profit him anything.—*Fowler v. Williamson, supra; Blackman & Co. v. Collier, supra.* As said by Chief Justice BRICKELL in the case of *Fowler v. Williamson, supra*: "If a garnishee does not in his answer disclose that an indebtedness owing to the defendant in the attachment or in the judgment has been transferred, but relies on a general denial of indebtedness, and an issue is formed contesting his answer, on the trial of such issue there is no contingency in which the garnishee can be permitted to offer evidence of such transfer. The fact of transfer is not within the issue formed, or which can be legally formed. The only fact in issue is whether, when the garnishment was served, or at the time of answer, there was an indebtedness contracted by the

[Stovall v. Hamilton.]

garnishee to the defendant, of which the defendant was, *when it was contracted,* the real beneficial owner. If such indebtedness existed, judgment must be rendered against the garnishee, though it may have been transferred."

See, also, 9 Ency. Pl. & Pr. 836, and citations in note 2.

In the case at bar, it appears that the appellee, Hamilton, had recovered of the defendant, Myers, a jugdment, and that thereafter he sued out a writ of garnishment on this judgment, which was executed by service upon the appellant, Stovall, as garnishee, who duly filed answer denying in general terms under oath any indebtedness to the defendant, Myers. The plaintiff, appellee (said Hamilton), contested said answer of the garnishee, alleging that it was untrue, and further alleging that said garnishee was indebted to the defendant in the sum of $1,000 as part purchase price for land sold and conveyed by defendant to the garnishee. The evidence was without dispute to the effect that the defendant, Myers, did, after the rendition of plaintiff's judgment against him, sell and convey to the garnishee, Stovall, his exempt homestead (Code, § 4160), at and for the sum of $2,000, of which $1,000 was paid in cash, and a note for the remaining $1,000 was, at the time, executed by the garnishee to the son of said defendant, Myers, with the latter's consent, and that said note had never been paid. The court, without the intervention of a jury, rendered judgment for the plaintiff against the garnishee, who insists that the court erred, because it does not appear, he contends, that he, the garnishee, was ever indebted to the defendant at all—it appearing that he paid in cash half the purchase price of the land, and that he, contemporaneously therewith, executed a note to the defendant's son, with the defendant's consent, for the other half, the execution of which note, payable to a third person, as it was, it is contended amounted to the same, in law, as the payment in cash to defendant. In other words, the contention is that the giving of the $1,000 note to defendant's son contemporaneously with the purchase from defendant of the land operates the same in law as if payment had been then made in cash to defendant of that sum, and consequently that there was never any debt from garnishee to defendant for the $1,000 now sought to be reached; hence that the garnishee pursued the correct course when, in his answer, he denied any indebtedness whatever to defendant, instead of admitting, as appellee contends he should have done, under the author-

ity of *Fowler v. Williamson, supra,* an indebtedness at one time, and alleging that it, still unpaid, had been transferred to another before the writ of garnishment was served.

We cannot conceive how it can be properly said that there was never any indebtedness from garnishee to defendant for the $1,000 for which garnishee made the note to defendant's son, since the very consideration of that note was the balance of the purchase money which garnishee owed defendant for his land. However short a time he may have owed it to defendant before executing the note to the son is immaterial. Suppose a note therefor had never been executed by garnishee to defendant's son; could not the defendant have recovered of the garnishee on an account, or account stated, or could the garnishee have escaped liability entirely by failing or refusing to give a note to defendant's son as was promised? A proper answer to these questions shows conclusively that for some moment of time before the note was executed to defendant's son, however brief that time, the garnishee was indebted to the defendant. The execution by him to defendant's son of a note for this indebtedness did not thereby discharge his liability therefor, but merely changed the form of his obligation and the person to whom he was liable. In other words, the transaction did not amount to a payment of the debt, but merely to a novation—the substitution of defendant's son for defendant as obligee—and amounted to the same in legal effect, so far as the questions here involved are concerned, as if the garnishee had given defendant a note for the debt and defendant had transferred that note to his son. It has been held that, in such later case, as before seen, that the garnishee, in order to make proof of the transfer under the pleadings, must in his answer admit at one time having been indebted to defendant and allege that the indebtedness, still unpaid, has been transferred by defendant to another before the garnishment was served.—*Fowler v. Williamson, supra.* This was not done here, and we hold, in line with the authority cited, that the court did not err in ignoring the proof of the transfer of the debt; that is, proof of the execution to defendant's son of a note for the debt due garnishee, and consequently that the court did not err in rendering judgment for plaintiff.—*Fowler v. Williamson, supra.*

The fact, if it be a fact, that the $1,000 for which the garnishee executed to defendant's son the said note was exempt to defendant, because a part of the proceeds of his exempt home-

stead, and consequently that there was no fraud on plaintiff in making said transfer, is immaterial, since, as seen, these matters were not within the issues made by the pleadings, as they would have been if the garnishee had in his answers admitted having contracted an indebtedness to defendant before the garnishment summons was served, and had alleged that such indebtedness had, before such summons was served, been transferred to another.—*Fowler v. Williamson, supra.* This would have presented the question as to whether or not there had in fact been a transfer, and, if so, whether it was valid or void as against plaintiff; otherwise, even if valid, it cannot protect the garnishee, who failed to plead the transfer.—*Fowler v. Williamson, supra; Blackman v. Collier, supra.* However, we are not prepared to say it was valid, or that it was not valid. Appellant insists we should say that it was valid, on account of the fact that it appears that the indebtedness transferred was a sum owed defendant as a balance on the purchase price of his exempt homestead. In answer to this insistence, appellee points out the holding of our Supreme Court to the effect that the proceeds of the sale of an exempt homestead are not exempt as a homestead; that is that the right of a homestead exemption does not follow and exist in the property into which a homestead may have been voluntarily converted. While such seems to be the holding of our Supreme Court (*Giddens v. Williamson*, 65 Ala. 439; 15 Am. & Eng. Ency. Law [2d Ed.] 594), the correctness of wihch we have no reason to doubt, yet it may be, as appellant contends, that the holding has no application in a case where, as here, the title to the property or chose in action into which the homestead was converted was, contemporaneously with such conversion, put into another person. The decision of this question is, as seen, unnecessary to the disposition of this case, in view of our holding that it was not raised by reason of the failure of the garnishee to set up in his answer the transfer.

If our holding as to the necessity on the part of the garnishee to plead the transfer be not correct, then there is no logical and orderly way of raising the question of a transfer and its validity vel non. Certainly it cannot be fairly contended that the proper way to have raised the question was for the plaintiff, after the garnishee filed answer denying indebtedness to defendant, to have filed a contest alleging that, notwtihstanding the garnishee was not indebted to defendant at the time of the service of the

writ or of filing answer, yet that prior thereto he was indebted to defendant, and that, although that debt had, before the service of the garnishment writ, been transferred by defendant to another, so that as a matter of fact garnishee did not owe defendant anything, yet, that that transfer was fraudulent and void as against plaintiff, and that therefore, the debt not having been paid, plaintiff was entitled to recover it of the garnishee. The plaintiff is not supposed to know of secret transfers made by defendant of debts due—in fact, it is to the interest of both the defendant and the transferee to keep these matters from the knowledge of plaintiff, and they studiously endeavor to do so if there is any fraud in the transaction. On the other hand, the debtor garnishee must in all cases be notified of the transfer in order to make it binding on him, unless the transfer is of commercial paper. The law, therefore, in an effort to protect the plaintiff against fraudulent and secret transfers, of which he may know nothing, requires the garnishee to make a disclosure in his answer of the fact of any transfer of the debt that has come to his knowledge; and this with the view of apprising plaintiff of it, and thereby affording plaintiff opportunity to investigate, and to show at the trial, if he can, the invalidity of the transfer, of which, unless disclosed in the garnishee's answer, he may never know anything. Plaintiff certainly would not be prepared with proof to attack the validity of the transfer, if his first knowledge of such transfer was gained, as might be the case here, only during the course of the trial. The law, consequently, requires of the garnishee a full and free disclosure in his answer of all transfers, whether the transfer be direct or indirect, as here.—9 Ency. Pl. & Pr. 836; *Fowler v. Williamson, supra; Woodlawn v. Purvis,* 108 Ala. 511, 18 South. 530; *Johns v. Field,* 5 Ala. 484; *Crayton v. Clark,* 11 Ala. 787; *Foster v. White,* 9 Port. 221.

The judgment appealed from is affirmed.

The foregoing expresses the views of the writer. The other members of the court concur in the judgment of affirmance reached, but are of opinion that the reasons for it should be placed on other grounds, as expressed by Judge BROWN in the opinion following.

BROWN, J.— (1) The trial was by the court without the intervention of a jury; and the evidence shows that the note and

mortgage, payable on their face to D. J. Myers, were executed and delivered to the judgment debtor, I. P. Myers; that the judgment debtor had them in his possession a short time before the trial, and tried to induce the garnishee to pay the indebtedness represented thereby to him; and, aside from the fact that the papers were made payable to D. J. Myers, there is no evidence that he had or claimed any right or interest in the debt due from the garnishee. This evidence affords an inference that the execution of the note and mortgage to D. J. Myers was a mere subterfuge; that D. J. Myers had never had any claim of title thereto, and the debt was, in fact, due to the judgment debtor, I. P. Myers. If this is true, he was not only the beneficial owner of the debt, but was the holder of the legal title to the securities, and could maintain an action in his own name thereon (Code 1907, § 2489) ; and the debt could be subjected to garnishment.— *Curtis v. Parker & Co.*, 136 Ala. 217, 33 South. 935; *Archer v. People's Savings Bank*, 88 Ala. 249, 7 South. 53; *Jefferson County Savings Bank v. Nathen, et al.*, 138 Ala. 342, 35 South. 355; *Alexander v. Pollock & Co.*, 72 Ala. 137. This evidence supports the finding of the trial court, and an affirmance must follow.— *Stedham v. Robertson, infra*, 71 South. 62; *Montgomery Lodge v. Massie*, 159 Ala. 437, 49 South. 231; *Minchener, et al v. Robinson*, 169 Ala. 472, 53 South. 749.

(2, 3) The undisputed proof shows that the property conveyed to Stovall was the homestead of I. P. Myers, and he had a perfect right to dispose of it as he pleased, regardless of his creditors.—*Cox, et al. v. Birmingham Dry Goods Co.*, 125 Ala. 320, 28 South. 456, 82 Am. St. Rep. 238; *Kennedy v. First National Bank of Tuscaloosa*, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; *Hodges v. Winston*, 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; *Fuller v. Whitlock*, 99 Ala. 411, 13 South. 80. Therefore, if, as appellant contends, the note and mortgage were executed and delivered to D. J. Myers in payment of the purchase money, in settlement of a claim due to him from I. P. Myers, or, in this case, even as a gift, contemporaneously with the payment of the $1,000 to I. P. Myers by Stovall and the delivery of the deed, and were accepted as payment in full of the purchase money and concurring with the passing of the title, no indebtedness, in fact, was ever due from Stovall to I. P. Myers.—*Pollak v. Winter*, 173 Ala. 550, 55 South. 828; *Cook v. Malone*, 128 Ala.

[Stovall v. Hamilton.]

662, 29 South. 653; 1 Benj. on Sales, § 335 et seq.; *Shines v. Steiner,* 76 Ala. 458; *Blackshear v. Burke,* 74 Ala. 239.

(4) The fault in the opinion of my Brother THOMAS ignores the fact that payment may thus be made without creating a debt, and the rule announced there presupposes the existence of a debt to the defendant and a transfer thereof to the garnishee. It is well settled, by consent of the party interested, payment may be made other than in money.—30 Cyc. 1187; *Lewis and Wife v. Dillard & Jones,* 66 Ala. 1. If payment in full of the purchase money was made by paying to I. P. Myers $1,000 and the execution and delivery to D. J. Myers of the note and mortgage, then no indebtedness ever existed to I. P. Myers, and the rule of pleading and practice announced in *Fowler v. Williamson,* 52 Ala. 16, has no application, as is evident from the expression of the court: "If a garnishee does not in his answer disclose that an indebtedness owing to the defendant in the attachment or in the judgment has been transferred, but relies on a general denial of indebtedness, and an issue is formed contesting his answer, on the trial of such issue there is no contingency in which the garnishee can be permitted to offer evidence of such transfer. The fact of transfer is not within the issue formed, or which can be legally formed. The only fact in issue is whether, when the garnishment was served, or at the time of answer, there was an indebtedness contracted by the garnishee to the defendant, of which the defendant was, when it was contracted, the  *  *  * beneficial owner."

There is nothing here which precludes the garnishee from showing payment contemporaneously with the passing of the title to the property and concurring therewith, in any way that such payment could be made. The result of the holding in the opinion of my Brother, when applied to such a case, would require the garnishee to commit perjury in his answer in order to protect his legal rights and prevent double liability. For these reasons, I cannot concur in what is said as to the applicability of the rule of practice announced in *Fowler v. Williamson, supra.*

The question of the right of the judgment debtor to claim the proceeds of the sale of his homestead is not here presented, as no such claim is made.